15  637
47 1557

## John McKowen, Executor, *v.* John McGuire.

The act of residence does not alone constitute the domicil of a party, but it is the fact of residence coupled with the intention of remaining permanently which constitutes it.

The right of a surviving partner under Arts. 1131, 1152 and 1136, to administer the partnership effects, and to dispose of the same in the ordinary course of trade, is not an absolute right, but depends on the consent of the heir present or represented in the State, capable of accepting the succession purely and simply.

APPEAL from the District Court of the Parish of East Feliciana, *Ratliff*, J. R. J. *Bowman*, for plaintiff and appellant. *Lacy & Ratliff*, for defendant.

VOORHIES, J. This litigation is a contest for the administration of the partnership effects of the late commercial firm of *Wm. Carney & Co.* which was composed of *John McGuire* the defendant, and *Wm. Carney* deceased.

The plaintiff as executor claims the right of administration, by virtue of the last will and testament of the deceased, duly probated and ordered to be executed by the District Court of the parish of East Feliciana. The defendant claims the

right of administration as surviving partner by virtue of an appointment made by the District Court of the parish of West Feliciana.

As the court of the domicil of *William Carney* deceased has exclusive jurisdiction of the demands of the parties, the principal question in the case, is, whether his domicil at the time of his death, was in the parish of East, or of West Feliciana.

It appears from the evidence that *Carney* had resided, and had his domicil in the town of Jackson in East Feliciana, some eighteen or twenty years before he formed a commercial partnership with the defendant for the purpose of carrying on the business of wholesale and retail grocers in the town of Bayou Sara in the parish of West Feliciana. And that after the formation of the partnership he continued to exercise the right of suffrage in East Feliciana, and kept an establishment, and claimed his domicil in that parish to the day of his death, as declared in his last will and testament, which was made during his last illness, at his residence in the town of Jackson.

It also appears that *Carney* was personally engaged in the business of the firm at Bayou Sara, and when at that place resided with the defendant his partner; and that he was assessed and paid a poll-tax in the parish of West Feliciana.

The fact of his residence with his partner at Bayou Sara whilst engaged in the business of the firm did not operate a change of his domicil; nor did the payment of a poll-tax in that place produce any such effect.

The act of residence does not alone constitute the domicil of the party, but it is the fact of residence coupled with the intention of remaining which constitutes it. The intention of remaining permanently in the town of Bayou Sara never existed in the mind of *Carney*, and consequently his domicil in the parish of East Feliciana was never changed; and the court of his domicil alone had jurisdiction of the demands of the executor, and of the surviving partner, for the administration of the property of his succession. The judgment of the District Court authorizing the defendant to administer the partnership property, and to liquidate the partnership affairs, was therefore irregular and void, and conferred upon him no such power.

The plaintiff enjoined the defendant from administering the partnership effects, and also caused the same to be sequestered by process issued from the District Court of the parish of East Feliciana, on various grounds, two only of which will be noticed in the decision of this case.

The first was the want of jurisdiction in the District Court of the parish of West Feliciana, to authorize the surviving partner to administer the partnership effects. This ground for obtaining the injunction has already been disposed of adversely to the pretentions of the defendant.

The second ground was that there was cash on hand sufficient to pay all the debts of the partnership, and there was no necessity for the appointment of the defendant as liquidator, and that the legatees were willing to accept the succession purely and simply, and to pay their portion of the debts of the partnership.

The Civil Code declares that if there be a commercial partnership, in which the deceased was concerned, the surviving partner, after the portion of the deceased in the partnership effects has been ascertained, and the estimate of it made on the inventory, shall have the right to require that this portion remain with his own, in order that the whole may be disposed of for the common benefit in the ordinary course of trade, and the proceeds applied, as far as is necessary, to the

payment of the partnership debts. And that this right cannot be refused to the surviving partner, if the succession of the deceased partner is vacant, or if all his heirs are absent and not represented; but the surviving partner is bound to give security to the curator of the vacant succession, or of absent heirs, to the amount of one-fourth `over and above the estimated value of the portion which was coming to the deceased from the partnership property, according to the inventory. Articles 1131, 1132. But Art. 1136 provides that if any one of the heirs of the deceased partner is present or represented in the State, the surviving partner has no right to retain his part of the partnership property, no more than the parts of the other heirs who are absent, if the heir opposes it and accepts the succession purely and simply; unless in the act of partnership it be stipulated that the surviving partner shall be entrusted with the liquidation of the partnership concerns, for in this case such a stipulation must be carried into effect.

It thus appears that the right of the surviving partner to administer the partnership effects, and to dispose of the same in the ordinary course of trade, is not an absolute right, but depends on the consent of the heir present or represented in the State, capable of accepting the succession purely and simply. The legatees are the testamentary or instituted heirs of *Wm. Carney*, and if they have the capacity of accepting his succession purely and simply, the right of the surviving partner will be defeated by such acceptance.

The judgment of the lower court was consequently erroneous in dissolving the writs of injunction and sequestration, and in condemning the plaintiff to pay special damages for suing out of the same.

It is, therefore, ordered, adjudged and decreed; that the judgment be avoided and reversed; and it is now ordered, adjudged and decreed, that the writs of injunction and sequestration issued in this case, be reinstated, and declared in full force and effect, and that said writ of injunction be perpetuated, and the decree of the District Court of the parish of West Feliciana, authorizing the defendant as surviving partner to administer the partnership effects and to dispose of the same in the ordinary course of trade, be declared null and void for the want of jurisdiction in said court, and that the defendant pay costs in both courts.