## HENRY MAYENBAUM, APPELLANT, v. THOMAS J. MUR-PHY AND JOSEPH E. MARCHAND, RESPONDENTS.

SERVICE OF SUMMONS IN COUNTY WHERE BEFORE SERVED OUT OF COUNTY. Where there were two defendants in an action, and both were served with the summons in a district different from the one in which the suit was commenced, and before the forty days allowed to answer expired, one of the defendants entered the county and was served there; and after ten days from such service, but before the expiration of the forty days, default was entered against the person so served in the county, and judgment by default rendered against defendants, to be executed against their joint property and the separate property of the defendant served in the county: *Held*, that the second service was a nullity, the default irregular, and the judgment error.

PRACTICE ACT, SECTION THIRTY-TWO—JUDGMENT AGAINST JOINT DEBTORS. Where the defendants in an action against two are both served with the summons, a judgment, under section thirty-two of the Practice Act, cannot be entered against one to be executed against his separate property and the joint property of both.

SUMMONS ONCE FULLY SERVED. Where service of a summons has been made, and the demands of the writ satisfied, the conclusive presumption of the law is, under sections twenty-eight and thirty-three of the Practice Act, that its office, having been accomplished, no person can effectively thereafter use it for its original purpose.

SECOND SERVICE OF SAME SUMMONS. Where a summons has been served upon a defendant out of the district and afterwards served upon him in the district, with the intention of shortening the time allowed him to answer: *Held*, that the second service was an absolute nullity.

APPEAL from the District Court of the Sixth Judicial District, Lander County.

The facts are stated in the opinion.

*D. Cooper, H. Mayenbaum* and *Clarke & Wells,* for Appellant.

I. The right to take judgment upon failure to answer is indisputable. (Practice Act, Sec. 152.) Judgment taken, relief can be granted only in the cases prescribed by statute, to wit: mistake, inadvertence, surprise, or excusable neglect, (Practice Act, Sec. 68) and then only upon affidavit " showing good cause therefor." The affidavit must show good or legal excuse. In the case at bar the excuse offered is, that " affiant never for one moment dreamed that such service [service in Lander County] could or would require him to appear and answer in said case at any other or different time than the time specified in the summons served on him at White Pine aforesaid." Therefore, ignorance of the requirements of the summons served in Lander County is the excuse urged and mistake relied upon to set aside the judgment.. But this is ignorance of the law which is inexcusable. (*Chase* v. *Swain et al.,* 9 Cal. 130.) It is clear, therefore, that the Court below erred in setting aside the judgment for the cause shown.

II. Is this error reviewable? If error beyond a reasonable doubt, clearly so, for then it amounts to abuse of discretion. (29 Cal. 422.)

*Garber & Thornton* and *N. D. Anderson,* for Respondents.

I. The reason, and as we conceive, the true construction of the law should be, that the summons having once been served on both defendants in White Pine County, it had answered its purpose, the power of the writ had been exhausted, and that the second service of the writ on Marchand in Lander County was simply a nullity. Certainly, to allow a plaintiff to serve a summons again and again on a defendant · can only lead to confusion and mistake ; the defendant being cited to appear on two inconsistent days, would be in doubt as to the correct time for him to appear in the action, and

he might very naturally think he was entitled to the longest time mentioned.   Immediately upon hearing that a default had been entered on this service, he applied to the Court to set it aside.   He did not sleep on his rights, but made the application at the same term of the Court, within a few days after the default and judgment had been entered, and before the time for him to answer as first cited had expired.   The answer proposed, and his two affidavits show, a good and meritorious defense.   The Court below was right in its ruling.   (*Roland* v. *Kreyenhagan*, 18 Cal. 456 ; *Mc-Kinley* v. *Tuttle*, 34 Cal. 237 ; *Howe* v. *Independent Co.*, 29 Cal. 72 ; *Howe* v. *Coldren*, 4 Nev. 173.)

II.   The Court below, in its discretion, saw proper to set aside the default as to Marchand, and the judgment as to both defendants.   This is a discretion that the Appellate Court will not interfere with, unless in cases of great abuse.   (*Bailey* v. *Taafe*, 29 Cal. 424.)

No Court could refuse relief in such a plain case as this.   It is stronger than any one to be found in the books where such relief has been granted.   For the Court below to have refused it would have been such a manifest abuse of its discretion that the Appellate Court would have granted it, had it been refused.

III.   The judgment was entered under section thirty-two of the Practice Act, but in direct conflict with that section.   Both defendants were served in White Pine County ; afterwards, the defendant Marchand was again served in Lander County, his default entered, and a judgment entered under this section against the joint property of both defendants, and the separate property of the defendant Marchand.   No such judgment as this can stand.   Had the defendant Murphy not been served there might have been some show of reason in entering such judgment ; but he having been served, the Court had no power to enter judgment against him until his legal time for answering had expired.   This form of judgment can only be entered where the defendants are jointly liable and one of them not served.   If served, all must be included in the judgment ; and no judgment can be entered until the time for all to answer, who have been served, has expired.   (*Bullion Mining Co.* v. *Crœsus*

*Co.*, 3 Nev. 337; *Keller* v. *Blasdel,* 1 Nev. 493 ; *Keller* v. *Blas-del,* 2 Nev. 163 ; 1 Chitty's Plead. 44 ; *Stearns* v. *Aguirre,* 7 Cal. 447 ; *Stearns* v. *Aguirre,* 6 Cal. 176 ; *Lewis* v. *Clarkin,* 18 Cal. 400 ; *People* v. *Frisbie,* 18 Cal. 402 ; *Claflin* v. *Butterby,* 5 Duer, 327 ; *Brumskill* v. *James,* 1 Kern. 294 ; *Jaques* v. *Greenwood,* 1 Abb. Pr. 230 ; *Slayter* v. *Smith,* 2 Bos. 674.)

IV.   Even had the default not been taken through the mistake, inadvertence, surprise, and excusable neglect of Marchand, as it is clearly shown that it was in this case, still the judgment would be irregular and should be set aside ; in fact, it is more than irregular —it is void.   (*Keller* v. *Blasdel,* 2 Nev. 163.)

The idea that Murphy, who was served and ready to answer in time, can have a judgment entered against his joint property with Marchand, under section thirty-two of the Practice Act, is absurd. The judgment so entered is absolutely void ; nor could a separate judgment be entered against Marchand on the default, for the reason that both defendants were sued jointly on a joint indebtedness.   The interposition of a defense by Murphy, if successful, would defeat the whole action.

By the Court, WHITMAN, J. :

Appellant filed his complaint against respondents in the District Court of the Sixth Judicial District, County of Lander, seeking to recover from them seven thousand dollars as an attorney's fee.   On the sixteenth of August, 1869, summons was issued by the Clerk of the Court, which was forwarded to White Pine County, in the Eighth Judicial District, for service.   On the fourth day of September this summons was served on both the respondents.   Subsequently, on the eighteenth of September, the same summons was served on respondent Marchand in Lander County.   Upon the thirtieth of the same month, in open Court, the default of Marchand was entered, and upon proofs made, a judgment was recovered against both respondents, with right of execution against the separate property of Marchand, and the joint property of Marchand and Murphy.   At the same term of the Court, motions were made to vacate the judgment against Murphy, and to set aside default,

and vacate the judgment against Marchand. These were considered together, and the entire relief demanded was granted. This is assigned as error.

There was no authority for the judgment against Murphy; he had been regularly served with summons, and by its terms, and under the statute, had forty days therefrom to answer, which time had not expired when judgment was taken against him. The Code provides that : " When the action is against two or more defendants, and the summons is served on one or more, but not on all of them, the plaintiff may proceed as follows : First, if the actions be against the defendants jointly indebted upon a contract, he may proceed against the defendant served, unless the Court otherwise direct; and if he recover judgment, it may be entered against all the defendants thus jointly indebted, so far only as that it may be enforced against the joint property of all, and the separate property of the defendant served ; or second, if the action be against defendants severally liable, he may proceed against the defendants served in the same manner as if they were the only defendants (Stats. 1869, 202, Sec. 32) ; but such was not this case. Murphy was served, and no judgment could regularly be entered against him as affecting his property, whether joint or several, until his time for answer had expired, save by his consent. Therefore, the judgment against him was properly vacated.

If the second service upon Marchand was valid, it may well be doubted whether the default should have been set aside, provided any judgment could properly have been rendered against him on such default, before his codefendant, jointly liable, had defended, or refused or neglected to defend ; but these are grave questions of practice, unnecessary to be decided under the view taken of such second service. The statute provides, that " the summons shall be served by the Sheriff of the county where the defendant is found, or by his deputy, or by any citizen of the United States over twenty-one years of age; and except as hereinafter provided, a copy of the complaint, certified by the Clerk, or the plaintiff's attorney, shall be served with the summons. When the summons shall be served by the Sheriff, or his deputy, it shall be returned with the certificate or affidavit of the officer of its service and of

the service of the copy of the complaint, to the office of the clerk of the county in which the action is commenced." (Stats. 1869, 200, Sec. 28.) So that, full service having been made and the demands of the writ satisfied, the conclusive presumption of law is, that such writ is returned to the Clerk's office of the Court in which the suit is pending. It has no business anywhere else; its office is accomplished, and no person can effectively thereafter use it for its original purpose.

Whether an *alias* summons could be issued by attorney or clerk, and served upon a defendant already served, so as to reduce the time of appearance, is another and perhaps entirely different question. That this summons was properly served in the first instance, is evidenced by the return of the Sheriff.

Take section thirty-three, which reads: "Proof of service of the summons shall be as follows: 1st. If served by the Sheriff, or his deputy, the affidavit or certificate of such Sheriff, or deputy," etc., in connection with section twenty-eight, previously quoted, and there is no doubt that, so far as this matter of service is concerned, the Sheriff, or deputy serving, is to that extent the officer of the Court where the action is pending, and thus to be recognized. This summons, then, having been properly served, should have been returned. If returned, such fact should have been noted in the register; and the paper itself should have remained upon the files of the Clerk of Lander County; and in either or any event, no defendant could be damaged by official laches.

Therefore, the second service was an absolute nullity; and Marchand was not thereby called upon to answer, otherwise than under the original service. Wherefore, the default entered against him was irregular; and was properly, with the judgment thereon entered, set aside.

The order of the District Court is affirmed.