[No. 2046]

GERTRUDE ELEANOR TIEDEMANN, Appellant, *v.*
RUDOLPH ERNEST TIEDEMANN, Respondent.

1. Process—Service—Immunity.

   Where a nonresident brought *habeas corpus* within the state
   against his wife for the possession of their minor child, he
   was not immune, while in the state for such purpose, from
   service of summons in a divorce suit; Rev. Laws, 5445, exon-
   erating persons from arrest in a civil action while attending
   court as a witness, not protecting him from being served with
   a summons or applying to him while voluntarily in the state
   maintaining his own suit.

2. Appeal and Error—Final Order—Quashing Service.

   An order quashing personal service of summons, made on a
   nonresident defendant while within the state, was a final order
   from which an appeal would lie under civil practice act, sec.
   383 (Rev. Laws, 5325).

Appeal from the First Judicial District Court, Ormsby
County; *Frank P. Langan,* Judge.

Action by Gertrude Eleanor Tiedemann against Rudolph
Ernest Tiedemann for divorce and other relief. From an
order quashing the service of summons, plaintiff appeals.
**Reversed,** with directions.

The facts sufficiently appear in the opinion.

*Alfred Chartz,* for Appellant:

The order appealed from was made in a civil action,
and is not expressly made final by the act (Rev. Laws,
5325), and it may be reviewed as prescribed by this act
and not otherwise. Section 5325 changes the rule as
announced in *Keyser* v. *Taylor,* 4 Nev. 435.

The order quashing service of summons is a final order,
because, if the original service is good, all other service
would be bad, inutile and futile. (2 Ency. Pl. & Pr. 53,
88; 19 Id. 575; *Mayenbaum* v. *Murphy,* 5 Nev. 383.)

Respondent was not privileged from service of summons
upon him. Rev. Laws, 5445, describing who shall be
exempt and immune, bars out all others. (*Ellis* v.
*Degarmo,* 17 R. I. 715, 24 Atl. 579, 19 L. R. A. 560; *Neto-
graph Co.* v. *Scrugham,* 197 N. Y. 337; *In re Healy,* 53
Vt. 694; *Page* v. *Randall,* 6 Cal. 32; *Rogers* v. *Bullock,* 3
N. J. Law, 517.)

It must be borne in mind that Rudolph Ernest Tiedemann did not come to Nevada under compulsion as either a witness or a suitor. He came for the purpose of prosecuting a suit in his own behalf, and he was sued in a correlated matter by his wife as to who should have the care, control and custody of the child, the fruit of their marriage. (*Plomer* v. *MacDonough*, 1 Dec. & Sm. 232.)

*Samuel Platt*, for Respondent:

The court has no jurisdiction to entertain the appeal in this case. The record shows the appeal is taken from an order quashing a return of summons. This is not a final judgment or order as contemplated by the laws of the State of Nevada which will confer jurisdiction upon this court. (Ency. Pl. & Pr., vol. 7, pp. 902–905; *Warren & Co.* v. *Smith & Co.*, 80 Ky. 216–219; *Oland* v. *Watertown*, 69 Md. 248–252; *Standard D. Co.* v. *Frehan*, 34 Neb. 434; *Bank* v. *Hughes*, 152 Fed. 414; *Winn* v. *Carter*, 102 Ky. 370–373; *Persinger* v. *Tinkle*, 34 Neb. 5; *Brown* v. *Rice*, 30 Neb. 236–240; *Honerine M. & M. Co.* v. *Tallerday*, 30 Utah, 449; *Evans* v. *Iles*, 7 Ohio St. 235.)

If counsel in the lower court had stood upon the record and had asked for an order of dismissal of the action, and the court had entered such an order, it might have been construed as a final order in the case. No such steps were taken; and the case as it now stands of record has not been disposed of. The order is clearly interlocutory, as the above authorities substantiate.

A cursory analysis of the wording of the statute (Rev. Laws, 5325) disproves appellant's contention. There is nothing in the act which expressly makes final an order such as the one in the case at bar. This is the only exception provided in the statute.

Counsel also cites section 5445 of the Compiled Laws of Nevada, to the effect that a witness before a court should be exonerated from arrest in a civil action while going to the place of attendance, etc. An examination of the following authorities will disclose the fact that immunity granted to suitors, as distinguished from

witnesses, is not founded upon a statutory regulation, but upon the common law and abstract principles of justice which the courts of different jurisdictions have made a part of the law, not only of this country, but of this state. All suitors and witnesses coming from foreign jurisdictions for the sole purpose of attending court, whether under summons or subpena or not, are held immune from service of civil process while engaged in such attendance and for a reasonable time coming and going.    (32 Cyc. 492, and cases therein cited; *Person* v. *Grier,* 66 N. Y. 124; *Matthews* v. *Tufts,* 87 N. Y. 568; *Cooper* v. *Wyman,* 122 N. C. 784; *Andrews* v. *Lembeck,* 46 Ohio St. 38; *Halsey* v. *Stewart,* 4 N. J. Law, 366; *Mitchell* v. *Huron Circuit Judge,* 53 Mich. 542; *Re Healy,* 53 Vt. 694, 38 Am. Rep. 713; *Bridges* v. *Sheldon,* 7 Fed. 36; *Small* v. *Montgomery,* 23 Fed. 707; *Wilson* v. *Donaldson,* 3 L. R. A. 266; *Ellis* v. *Degarmo,* 19 L. R. A. 565; *Barber* v. *Knowles,* 14 L. R. A. 663; *Gregg* v. *Sumner,* 21 Ill. App. 110; *Jacobsen* v. *Hosmer,* 76 Mich. 542; *Andrews* v. *Lembeck,* 46 Ohio St. 40.)

By the Court, SWEENEY, C. J.:

It appears that Rudolph Ernest Tiedemann, a resident of Norwich, Conn., came to Carson City, Ormsby County, State of Nevada, and, through the institution of *habeas corpus* proceedings, attempted to obtain possession of the minor child of plaintiff and defendant.    The petition for the writ was resisted by Gertrude Eleanor Tiedemann, his wife, and, after a hearing of the application for the writ upon its merits, the mother was allowed to retain possession of the child, awarded the custody thereof, and the proceedings dismissed.    The respondent, while here, was sued by his wife, who filed a complaint in an action for divorce against him, alleging that she was a resident of Ormsby County, State of Nevada, stating her grounds of divorce, and prayed for alimony *pendente lite,* an accounting and division of community property, custody of the same child, alimony, maintenance for the child, attorney's fee, decree of divorce, and other relief.    Upon filing the said complaint, a summons was legally issued

thereon and regularly served upon the defendant and respondent while in Carson City, Nevada. Upon the return of the summons, Samuel Platt, Esq., who represented respondent in the contested *habeas corpus* proceedings, appeared specially and moved to set aside and quash said summons upon the ground that the respondent, Tiedemann, was immune from service while in Nevada for the purpose of prosecuting the *habeas corpus* proceedings above adverted to. The lower court sustained his position, and made an order setting aside and quashing service of said summons. It is from this order appellant has appealed, and the respondent, Tiedemann, appearing through Samuel Platt, Esq., specially moves a dismissal of this appeal upon the ground that an appeal will not lie from an order setting aside and quashing a service of summons.

Two questions are involved for our consideration: First, did the trial court err in setting aside and quashing the service of summons; and, secondly, if so, is the order setting aside and quashing the return of summons under the circumstances appealable?

[1] We believe that the trial court erred in making the order appealed from. Section 5445 of the Revised Laws of Nevada provides as follows: "Every person who has been in good faith served with a subpena to attend as a witness before a court, judge, commissioner, referee, or other person, in a case where the disobedience of the witness may be punished as a contempt, shall be exonerated from arrest in a civil action while going to the place of attendance, necessarily remaining there, and returning therefrom."

Counsel for appellant, invoking the maxim "*inclusio unius est exclusio alterius,*" contends that, in view of the fact that our legislature has seen fit to enumerate under what circumstances certain parties may be immune from service of process, and having made no express provision which would exclude respondent from service under the circumstances in this case, under this well-known maxim

we must hold that he is not immune from service. The argument made goes partially to the solution of the construction we should place on the ruling we make, but we have more conclusive reasons, which we deem sufficient to support our conclusion, that the respondent was not immune from the service under the circumstances of this case. It has been properly held that "the exemption of a nonresident of a state from arrest while in attendance upon court does not extend to a writ of service of summons." (*Ellis* v. *Degarmo,* 17 R. I. 715, 24 Atl. 579, 19 L. R. A. 560.)

The respondent, Tiedemann, it must be remembered, did not come to Nevada under compulsion as either a witness or as a suitor. He came voluntarily for the purpose of presenting a suit in his own behalf, seeking the aid of our law and our courts, as was his right to do, and in this respect our courts were open to him, and he was given a fair and impartial hearing on his contentions, and, after due consideration, his contentions were found without merit. While here, his wife, alleging herself to be a resident of Ormsby County, Nevada, saw fit to bring an action for divorce against him, wherein she too desired to have awarded to her, in a proper proceeding, the custody of the same child in question, an accounting and division of the community property she asserted title to, alimony for herself and maintenance for her child, and other substantial rights, which she desired to invoke our laws and our courts to award and protect, and regularly commenced her action and had served our process on the respondent while he was here and within the jurisdiction of the court. It is quite impossible for us, either as a matter of law or equity, to say that a nonresident can come here seeking the relief of our courts when he desires, and at the same time deny the same right to one of our Nevada citizens to sue him when substantial rights are claimed and pleaded and service made within the jurisdiction of the court in accordance with our law.

Both parties are equal before the law; both entitled to invoke the aid of our law and our courts to enforce their legal and substantial rights.  Both are entitled to a hearing, and the respondent having used our court, and through its process having forced the appearance of appellant to answer the demands of the rights he contended for, there is no good or sufficient reason in law or equity why he should not be compelled to submit to the same process issued from the same court when he has been regularly served within the jurisdiction of the court, and to show cause, if any he has, why such relief prayed for by the appellant should not be awarded.

As was held in the case of *Netograph Mfg. Co.* v. *Scrugham,* 197 N. Y. 377, 90 N. E. 962, 27 L. R. A. (N. S.) 333, 134 Am. St. Rep. 886, "the exemption of a suitor or witness from process is not a natural right, but a privilege having its origin in the necessity for protecting courts from interruption and delay, and witnesses or parties from the temptation to disobey process."

In the present case it cannot be successfully contended that the respondent is in a position to claim immunity for either of the reasons assigned in the foregoing authority.

There seems and there ought to be a well-defined distinction recognized in the authorities between those who may be entitled to immunity from arrest when within the jurisdiction on civil process, as distinguished from immunity from service of civil process, and also a well-defined line of distinction between those who may be immune from civil process when they are brought into a state through compulsion, and where they are in attendance or obedience to some character of subpena or other civil process, and where they may come voluntarily.   In nearly all cases where they come within the jurisdiction by force or compulsion to attend court as a suitor or witness, they are invariably immune from criminal arrest, and nearly always from all character of civil process; but where one, as in the case at bar, comes within our jurisdiction voluntarily and without compulsion, or because of any action having been started previously

against him or process attempted to be served upon him by publication or otherwise, and comes prepared to adjudicate his right to some subject-matter, as respondent was in this action, and is personally and regularly served when within the jurisdiction on matters affecting the same correlated subject-matter, and the action is brought in good faith and calls for the adjudication of substantial rights, he is in no position to resist the lawful process of the court nor claim the exemption which was successfully pleaded and decreed in the lower court in setting aside the service and quashing the summons regularly served in the action therein started.

[2] Is the order complained of of such a final nature as will permit of an appeal therefrom? Section 383 of the civil practice act provides: "A judgment or order in a civil action, except when expressly made final by this act, may be reviewed as prescribed by this title, and not otherwise." In view of the substantial rights pleaded in the complaint, the order complained of, blocking, as it does, appellant's right to proceed to a complete and effective recovery of these rights, should they be decreed to her, is, we believe, in effect a final judgment. Like a final judgment there remains nothing to be judicially determined between the parties in the trial court which can be legally proceeded with until this order, which bars a complete and effective recovery, is reversed. To hold that appellant should be forced to proceed to procure a further service on the defendant in Connecticut, or without the jurisdiction or elsewhere, when she already has a valid personal service within the jurisdiction, and to force appellant to proceed through to final judgment before she could appeal, would be a senseless construction to place upon our civil procedure act affecting final judgments and orders, and an unquestioned deprivation of the plain, speedy and adequate remedy to which appellant is entitled.

The order of the lower court, if allowed to prevail, would deprive plaintiff of her substantial rights and the benefit of a personal service and such rights as flow from

that service, to which she may be entitled. The service having been regularly made, as we have heretofore pointed out, it follows that any other service would be a mere nullity, as the summons has already served its purpose when it is served regularly and becomes *functus officio.* Where a service is insufficient, a second or further service to remedy or replace the faulty service is oftentimes allowable, but the first service which is regularly made renders the others which may follow of no effect. (*Mayenbaum* v. *Murphy*, 5 Nev. 383; Ency. Pl. & Pr., vol. 19, p. 575.)

The order appealed from is reversed, with instructions to the lower court to allow the defendant such reasonable time to plead or answer as may be deemed meet and proper.

It is so ordered.

TALBOT, J., concurring:

I concur in the opinion and order as written by the chief justice. If the defendant were residing in this state, so that a new personal service of summons could be made upon him, I would regard any order of a district court quashing the service of summons as not final and not appealable, because the order would then be interlocutory, for a new service of summons could be had to remedy the defect for which the first service was quashed, and the case could be carried on to a binding final judgment. With the defendant residing on the other side of the continent—in Connecticut—and resisting the service which was made upon him when he came here voluntarily for an important special purpose, it is apparent that personal service in this state cannot again be obtained upon him in the action, and that the service already made is final in so far as a judgment upon personal service in this state may be obtained. True, if the order quashing the service were sustained or held not to be final and appealable, a new service could be obtained by publication, but a judgment upon such service, regarding the custody of children and property rights, is not

of the same force in other states as one obtained upon personal service, and when for divorce has been held by some of the courts of the Union not to be binding out of the state in which it is granted. As to these benefits which flow from a judgment on personal service, and which are not attainable through a decree obtained upon service by publication, the order quashing the service is final, for, if the order is allowed to stand, they cannot be obtained in cases like this, where another personal service cannot be had in the state.

Therefore I conclude that the order quashing the service is appealable in this particular case.

NORCROSS, J., concurring:

I concur in the views of my associates that the court below erred in quashing the summons. I am inclined to the view that the order could properly have been reviewed by writ of error; but, as this court has never had occcasion to consider in what character of cases the writ of error will lie, if at all, I express no definite opinion upon that question.