LIBERTY MOROCCO COMPANY, a corporation of the State of Delaware, *vs.* ERNEST ROTH.

1. PROCESS—PRIVILEGE OF PARTIES AND WITNESSES DEPENDS ON FACTS OF PARTICULAR CASE.

The extension to parties and witnesses to judicial proceedings of the privilege of going to the place where the proceedings are held, remaining as long as their attendance is necessary, and returning to their homes without being subject to civil process in other proceedings, depends upon the facts in each particular case.

2. PROCESS—NONRESIDENT PARTY, BY CONFERRING WITH COUNSEL AFTER DISCONTINUANCE OF SUIT, HELD NOT TO LOSE IMMUNITY FROM SERVICE.

After discontinuance of a suit, defendant, who had come from another state where he resided to attend a hearing therein, was entitled to remain a reasonable time in which to confer with his counsel as to any further proceedings, and to accompany his counsel to confer with other counsel without being subject to service of process in a new suit.

3. PROCESS—NONRESIDENT DEFENDANT HELD NOT TO HAVE REMAINED IN CITY FOR UNREASONABLE TIME AFTER DISCONTINUANCE OF SUIT SO AS TO BE SUBJECT TO SERVICE.

Thirty-five minutes was not an unreasonable time for a nonresident defendant who had come from Pennsylvania to attend a hearing to remain in the city for the purpose of consulting with counsel after discontinuance of the suit, and he did not abuse his privilege and become subject to service of process in a new suit.

(*December* 15, 1922.)

PENNEWILL, C. J., RICHARDS and RODNEY, J. J., sitting.

*James I. Boyce* for plaintiff.

*William S. Hilles* and *Edmund S. Hellings* for defendant.

Superior Court for New Castle County, September Term, 1922. No. 52, May Term, 1922.

Motion to quash and set aside the return of the sheriff on the original writ.

The statement signed and filed by James I. Boyce, attorney for the plaintiff, and William S. Hilles and Edmund S. Hellings, who appeared specially for the defendant, for the purpose of moving to quash and set aside the return of the sheriff, admits the following facts:

"(1) That the suit which was brought by the said Ernest Roth in the Superior Court of the State of Delaware in and for New Castle county on the 26th day of April, A. D. 1921, against the said Liberty Morocco Company, a

Delaware corporation, and which case was pleaded to issue and was heard in the said court on the 28th day of March, A. D. 1922, said suit being No. 130 to the May term, A. D. 1921, was discontinued by the said Edmund S. Hellings, attorney for the said Ernest Roth, on the said 28th day of March A. D. 1922, at 2.35 p. m.

"(2)   That, after the discontinuance of the said suit as aforesaid, there was no litigation of record in the courts of the state of Delaware between the said Ernest Roth and the said Liberty Morocco Company until 3 p. m. on the said 28th day of March, A. D. 1922, at which time the foregoing suit was docketed in the office of the prothonotary in and for New Castle County.

"(3) That thereafter, a writ of summons was issued in the above suit which was served on the said Ernest Roth at 3.10 p. m. on the said 28th day of March.

"(4) That thereafter a suit was docketed by the said Ernest Roth against the said Liberty Morocco Company, the last-mentioned suit being No. 53 to the May term, A. D. 1922."

RICHARDS, J., delivering the opinion of the court:

It is contended by counsel for the defendant that the return of the sheriff on the original writ should be quashed and set aside, because the defendant came to this state from his native state of Pennsylvania on the 28th day of March, 1922, as a party to a suit which was partly heard in the Superior Court on that date, and on account of that fact he was exempt from the service of civil process, while on his way to court, while attending court or while returning to his home.

It is contended by the counsel for the plaintiff that the return of the sheriff on the original writ should be quashed and set aside, for the reason that, after the discontinuance of the suit which was partly heard on March 28, 1922, the defendant attended to other business before returning to his home, and thus waived his exemption; and for the further reason that it appears from the record that the suit which was discontinued, the present suit, and the suit subsequently brought by Roth involved the same transaction, and are between the same parties.

The privilege of parties and witnesses to judicial proceedings of going to the place where they are held, remaining as long as their attendance is necessary, and returning to their homes free from and without fear of being subjected to civil process in other proceedings, was recognized by the common law at an early date.

It has been approved by the weight of authority in this country subject to such changes as were found necessary in order to make the principle harmonize with American institutions.

It was affirmed in this state in the case of *Brooks v. State*, 3 *Boyce* 1, 79 *Atl.* 790, 51 *L. R. A.* (*N. S.*) 1126, *Ann. Cas.* 1915A, 1133, and again in the case of *State v. Beidler*, 6 *Boyce* 262, 99 *Atl.* 278, and it is, therefore, useless to discuss the general principle at this time.

In the case of *State v. Beidler*, above cited, the Court said:

"Whether the privilege shall or shall not be extended depends upon the facts in each particular case.

"The tendency has been not to restrict but to enlarge the right of privilege so as to afford to parties and witnesses attending in good faith any legal tribunal, full protection from all forms of civil process during their attendance at court, and for a reasonable time in going and returning."

In the present case, the suit for which the defendant came to Wilmington on March 28th, and to which he was a party, was discontinued at 2:35 p. m. and the summons in this case was served upon him at 3:10 p. m. of the same day while at the office of Mr. Hilles, in company with Mr. Hellings, his attorney in the first suit.

It was admitted by counsel for the plaintiff during his argument that the defendant was not compelled to leave Wilmington by the first train or take the most direct route home, but he contended that by going to the office of Mr. Hilles he deviated and engaged in new business, and by so doing waived his exemption from the service of civil process.

[1,2] We agree with the ruling of the court in the case of *State v. Beidler* that the extension of the privilege depends upon the facts in each particular case. Does a careful consideration of the facts in this case convince one that the defendant should be denied the privilege? After the discontinuance of his suit he was certainly entitled to remain in the city a reasonable time in which to confer with his counsel and learn whether further proceedings were necessary in order to protect his rights, and, if so, what, and we also feel that he was entitled to accompany his counsel to con-

Opinion.

fer with other counsel as he evidently was going at the time the summons in the present case was served upon him.

[3] The time which elapsed between the discontinuance of the first suit and the service of the summons in the present case, namely, 35 minutes, does not appear to us to be unreasonable.

In the case of *Clark v. Grant*, 2 *Wend.* (*N. Y.*) 257, which was cited by counsel for the plaintiff in support of his contention, the defendant had gone from one county to another in the State of New York as a party to a case heard before referees; the hearing was concluded on January 7th, and the referees made their report on the 9th day of January at 10 o'clock in the morning; at 5 o'clock in the afternoon defendant was served with summons in another proceeding, and the court held he had lost his privilege. We fail to see that this case supports the contention of counsel as the time which elapsed between the report of the referees and the service of summons, under the circumstances of that case, does not appear to be reasonable.

The case of *Chaffee v. Jones*, 19 *Pick.* (*Mass.*) 260, was also cited by counsel for the plaintiff. In that case, the defendant resided in the state of New York, and went to Lenox, Mass., to attend the trial of a case to which he was a party; the trial of the case began on September 16th, and judgment was rendered on the 17th, but it appeared that defendant left court on September 16th, and went to Otis, Mass., which was not in a direct route to his home, and where he was served with summons on September 18th. In that case the court held he had lost his privilege, but the circumstances were so unlike those in the case before us that we do not consider it helpful to the plaintiff.

The plaintiff has also cited the case of *Mullen v. Sanborn*, 79 *Md.* 364, 29 *Atl.* 522, 25 *L. R. A.* 721, 47 *Am. St. Rep.* 421.

That case was an appeal from an order of the Baltimore city court quashing a writ of summons and the return thereon in a action brought to recover damages for wrongfully and maliciously suing out an attachment, on the ground that service had been obtained on the defendant while he was in the state as a witness

in another suit, which was reversed by the Maryland Court of Appeals.

The opinion of the court clearly indicates that the fact that the defendant, a nonresident, had issued an attachment for fraud under a statute requiring him to first give bond with security to answer all costs and damages that should be awarded against him for wrongfully suing out such an attachment was largely responsible for its decision. We, therefore, fail to see how this case is helpful to the plaintiff.

It was said in the case of *Selby v. Hills*, 1 *Moore & Scott* 253, 1 *Dowl. Pr. C.* 257:

> "The only question to be considered is whether the defendant was honestly using his privilege, or whether he only sets it up as a pretension to defeat a creditor. The rule is not to be scanned with too strict an eye. Every reasonable intendment is to be made in favor of a party claiming exemption under it."

We feel that the defendant in the case before us was not abusing his privilege, and, therefore, that the writ should be quashed and the return of the sheriff set aside.