Green *v.* Morse.

GREEN *vs.* MORSE.

It is not lawful to arrest a debtor, on mesne process, in any case where, after judgment, his body is not liable to be taken in execution.

For executing legal process in an unlawful manner, trespass is the proper remedy.

THIS action, which was trespass and false imprisonment, came before the court upon a case stated by the parties in the court below.

The present defendant, holding a promissory note against the plaintiff for three dollars and interest, dated *Aug.* 25, 1826, and payable on demand, sued out a writ of *capias* or attachment in the usual form, on the 28th of the same month, for the recovery of that sum ; and caused the plaintiff to be arrested and imprisoned in the common gaol, till he gave bail for his appearance to answer the suit. And the

question was whether the arrest was lawful; and if not, whether trespass was the proper remedy.

*Daveis,* for the defendant, justified the arrest. He referred to *Stat.* 1821, *ch.* 63, in which the forms of original and final process were imperatively and absolutely prescribed; leaving no court nor magistrate a discretionary power to vary them, but in the cases specially excepted by law. One of these exceptions is found in *Stat.* 1821, *ch.* 52, *sec.* 19, providing that writs of attachment and executions shall run only against the assets in the hands of an executor or administrator, and not against his body. The other is in *Stat.* 1822, *ch.* 209, providing that no person shall be arrested or committed to prison on any *execution* issued upon any judgment founded on contract, unless the debt or damage in the judgment shall exceed five dollars; and specially authorizes clerks and magistrates so to change the form of such *executions,* as that they shall not run against the body of the debtor. This statute relates only to debts in judgment; it speaks of judgment debtors. Had the legislature intended to affect cases of mesne process, it could easily have found appropriate language.

- The legitimate office of a *capias,* at common law, is to compel the party to appear and answer the suit, by arrest of his person. It is only *ad respondendum.* 3. *Bl. Com.* 281. 1. *Tidd's Pr.* 122. In suits for debts less than five dollars, the legislature has restored the *capias* to its original office; and its exigency is exactly satisfied by giving " bail below." Bail to the action is not required. The form of the bail bond on mesne process is not prescribed by statute; and that in common use can readily be adjusted to the requisition of a mere *capias ad respondendum.* The matter of bail is between the debtor and the sheriff, who is justified if he observe the essential provisions of the statute, in cases like the present, by taking nominal pledges. If the arrest is irregular, the course in England is to discharge the defendant, on common bail. *Belifante v. Levy* 2. *Stra.* 1209. *Imlay v. Ellefson* 3. *East* 309. *Belchier v. Gansell* 4. *Burr.* 2502. 2. *Stra.* 782, 943, 1039. 2. *Wils.* 93. *Cowp.* 72. 2. *Bl. Rep.* 809.

Green *v.* Morse.

But if the defendant is liable, it is not in trespass, but in an action of the case for maliciously holding to bail. *Tarleton v. Fisher* Doug. 676.

*Fessenden* and *Deblois* for the plaintiff.

WESTON J. delivered the opinion of the Court.

By the first section of the act, for the relief of poor debtors, *Stat.* 1822, *ch.* 209, it is provided, "that no person shall be liable to be arrested or committed to prison on any execution issued upon any judgment founded on contract, or on any execution issued upon any judgment founded on a former judgment rendered in any suit upon contract, unless the debt or damage in the original judgment, shall exceed the sum of five dollars." The declaration in the writ, upon which the body of the present plaintiff was arrested and committed to prison, was upon a note of hand, dated *August 25th,* 1826, for the sum of three dollars ; the plaintiff therefore, in that action, knew that the judgment he could recover, as debt or damage, must necessarily be under five dollars ; and this is also manifest from the writ itself.

The first question presented is, was the arrest and imprisonment warranted by law? It may be important to inquire for what purpose the body of a debtor is arrested upon mesne process. In England, from whence our laws and forms of judicial proceedings had their origin, the object of the arrest is to compel his appearance in court at the return of the writ ; for without his appearance, judgment could not be rendered against him. In this State, as judgments may in all cases, after the service of the writ, be rendered upon his default, there is no occasion for process to compel his appearance merely. The object of the arrest and imprisonment of his body, or admitting him to bail on mesne process here, is, that the creditor may coerce payment, by taking his body in execution. This is the purpose of the arrest ; and unless this can be attained, it is unreasonable and unnecessary. It was manifestly the intention of the legislature to exempt the debtor's body from the power and control of his creditor, for debts of this small amount. If liable for arrest for such debts upon mesne process, it cannot be contended that he is not entitled to

bail. And what do bail undertake ? That the body of the debtor shall be forthcoming on the execution. For what purpose ? That it may be taken and held, until the same be satisfied. But it is admitted that the debtor's body is not liable to be taken upon such executions. It would be a reproach to the law, and a violation of the personal liberty of the citizen, to subject his body to arrest and imprisonment before it can be ascertained whether judgment will be rendered against him, in cases where by law his body cannot be taken in execution of that judgment.

It is contended that the arrest is justified by the statute prescribing the forms of writs. The statute prescribes the form of a *capias* in original writs ; but it does not determine in what cases it may be lawfully used. It must be intended to mean that in all cases, where the body of the debtor may be taken to satisfy the execution, it may first be taken on mesne process, for the security of the creditor. The body of a debtor in execution, who has been liberated from prison, upon taking what is called the poor debtor's oath, is exempted from being again taken in execution upon the same judgment. And if this judgment be sued, it has been clearly held that he cannot be taken upon mesne process thereon. In 1. *Pick*. 500, the court say, " if an arrest on mesne process were permitted, the debtor might be obliged to go to jail, which would be virtually a repeal of the statute." And it would be equally so in the case before us. We are well satisfied that the arrest of the plaintiff, at the suit of the defendant, was not warranted by law. Whether an arrest upon mesne process, where the judgment subsequently rendered was less than five dollars, might not be justified, if it could be made to appear that the plaintiff had a reasonable expectation of recovering more, is a question, we are not now called upon to decide.

The second question arising in this cause is, whether trespass is the proper remedy. We are of opinion that it is. It is the proper remedy for executing legal process in an unlawful manner. It lies, if one arrest another not liable to arrest. In *Parsons v. Lloyd*, 3. *Wils*. 341, the plaintiff had been arrested and imprisoned on a *capias* irregularly issued, at the suit of the defendant. Trespass was sustained against him, notwithstanding it was insisted that it should have

been a special action of trespass on the case; and *Nares J.* said that every plaintiff sues out process at his peril. Where the party arrested has merely a personal privilege, as a witness, a juror, or a party attending court, trespass does not lie. But here the exemption was not personal, but general and applicable to all persons whatever. The judgment of the court below is affirmed, with costs.