EDWARD J. ELLIS *vs.* WILLIAM DEGARMO.

E., a non-resident of Rhode Island, while in attendance on this court as a party defendant to a case in order for trial, was arrested on a writ issued against him in another action.

*Held*, that he was privileged from arrest, and that the arrest must be discharged.

*Held*, further, that the action begun by the service of the writ of arrest should not abate.

*Held*, further, that his discharge from arrest was properly made on motion.

ASSUMPSIT. On motions to dismiss the case and to discharge the defendant's bail.

The defendant, a non-resident of this State, while attending court in this State as a party respondent to a petition for divorce, was arrested on a writ in *assumpsit* containing an affidavit that he was about to leave the State without leaving therein realty or personalty whereon an execution could be served. He moved to dismiss the action on the ground of an illegal and therefore void service of the writ, and also moved that the bail given by him be discharged.

*Providence, May* 28, 1892. STINESS, J. In this case it appears that the defendant, a resident of the State of Iowa, attended this court, October 19, 1891, to defend a petition for divorce brought against him by his wife, and then pending. The hearing was adjourned on account of the illness of the wife, and the statement that she would not be able to appear in court within a week or ten days. No day was fixed for the hearing, and consequently the case stood as passed from day to day, awaiting the recovery of the wife, or a new assignment for the hearing of the case. Under these circumstances, not only would it be unreasonable and impracticable to require the defendant to go back to his home in Iowa, when his case might be called before he could go and return, but his presence here was proper and necessary to arrange for the reassignment which had become requisite without fault on his part. Until such reassignment, under these facts, he was, and was re-

quired to be, in attendance upon the court, in the strict sense of the term, because the case was neither continued nor definitely postponed. It was in order, and, until reassigned, liable to be called at any time when the petitioner could come into court. His arrest on the writ in this case was therefore in violation of his privilege as a party attending court.

In *Waterman* v. *Merritt*, 7 R. I. 345, 347, the court said that a party or witness residing within the jurisdiction is so far within the protection of the court, without any special order, that in coming to, remaining at, and returning from the court where his attendance is rendered necessary to the administration of justice, he would be exempt from arrest and all restraint of his person, and, if arrested, would be discharged from such arrest, but would not be protected from the service of any process which did not interfere with or prevent his personal attendance, as by summons; neither would he be discharged of the suit though arrested. As to one coming from without the State, the court said he would also be discharged from the arrest, even without the protection of a special order of the court.

In that case there had been a special order of protection from all civil process, and hence, although the process issued was a writ of summons, the action was dismissed. We think the doctrine there laid down has since been understood to be the law of this State, and in the recent cases of *Baldwin* v. *Emerson*, 16 R. I. 304, and *Capwell* v. *Sipe*, *ante*, p. 475, it has been followed to the extent of holding that a suitor, attending court in the matter of his suit, is not exempt from the service of a writ of summons. The reason for this is, that such a service, amounting simply to a notice, does not obstruct the administration of justice, nor interfere with the attendance or attention of a party to the suit then on trial. The same result follows when an arrest is discharged, and the suit is allowed to stand as though it had been commenced by summons. There are recent cases in the Federal courts to the effect that if the arrest is illegal the suit is absolutely discharged. An instructive review of this question will be found in the opinion of Judge Colt in *Larned* v. *Griffin*, 12 Federal Reporter, 590, which holds that the immunity of the privilege extends to all kinds of civil process and affords absolute protection. To the same

effect are *Plimpton* v. *Winslow*, 9 Federal Reporter, 365, and *Atchison* v. *Morris*, 11 Federal Reporter, 582, where a subpœna in equity and a civil summons were set aside as a violation of privilege. But even the *dictum* of a court, which has come to be understood as the law of the State, should not be lightly disturbed, and, as the rule stated in *Waterman* v. *Merritt* is not unreasonable and is in line with the recent decisions of this court, we feel constrained to follow it. Under this rule the suit may stand, and the motion to dismiss must be denied; but the motion to discharge the bail must be granted. Objection is made that the matter of these motions can only be taken advantage of by a plea in abatement. The practice of this court has allowed procedure in both ways. In *Waterman* v. *Merritt, supra,* and *Corey* v. *Miller,* 12 R. I. 337, it was by motion. In *Hoppin* v. *Jenckes,* 8 R. I. 453, *Baldwin* v. *Emerson, supra,* and *Capwell* v. *Sipe, supra,* it was by plea. If the suit is to stand and the arrest only is to be discharged, it must be done by motion, for a plea in abatement of the suit cannot be sustained. The relief to be sought must necessarily be summary. If it were to await the decision of a plea in abatement to be filed at the term to which the writ of arrest is returnable, it might come too late. All the mischief might then be accomplished. It is a question of policy, affecting the administration of justice. Public policy does not require that the suit should be abated. The course of justice in a trial may be affected by an immediate discharge of a party or a witness from arrest; but it can hardly be so affected by the subsequent abatement of a suit in which an arrest has been made. Upon this ground it was held in *Booraem* v. *Wheeler,* 12 Vt. 311, that the arrest of a defendant was no cause for abating a writ. He has full notice of the institution of the suit; it may have been commenced in good faith without the knowledge of his attendance upon court; the relief by discharge is summary, and so the subsequent abatement of the suit seems to be useless. The purpose of a writ of summons is subserved by the notice of the suit, and the privilege is not from the bringing of the suit, but from the arrest.

If it be said that there is no valid service of process in case of the discharge from arrest, and that for this reason the suit should abate, it is to be considered that the uniform doctrine is that the

process is regular, and the arrest is not void but voidable. A
defendant may waive his privilege and go on to defend the suit
without asking for a discharge. The jurisdiction is complete.
At common law, as appears from the history of the procedure in
this class of cases, the suit did not abate. Judge Reeve, in *King* v.
*Coit*, 4 Day, Conn. 129, gives this account of it : " When a mem-
ber of Parliament was arrested, the ancient practice was to obtain
a writ of privilege to be discharged, not from the suit, but from
the arrest ; and a *supersedeas* issued to the court to stay proceed-
ings as long as the privilege of Parliament lasted. A more sum-
mary mode was afterwards introduced of obtaining a discharge by
motion, but it was not from the suit, but from the arrest ; and so
it was expressly laid down in *The Case of Pitt*, Comyns' Rep.
444 ; Fortescue, 342 ; Cases Temp. Hardw. 91 ; and that it must
be on filing common bail. But this, as appears from the report of
the case just cited in 2 Strange, 985, was ordered to be struck out,
as it would seem to warrant the arrest in some measure." Sub-
stantially the same account is given by DeGrey, C. J., in *Cameron*
v. *Lightfoot*, 2 W. Bla. 1190, which was an action for the false
imprisonment of a privileged suitor. Common bail consisted in
entering the names of fictitious sureties, as John Doe and Richard
Roe, which was held to be equivalent to an appearance. But this
was not always required, as may be seen by comparing the case of
*Cameron* v. *Lightfoot* with its counterpart *Lightfoot* v. *Cameron*,
2 W. Bla. 1113. This formal and fictitious proceeding is not in
use in this country, and hence, after the arrest is discharged, the
suit is left, as at common law, like a suit commenced by summons,
for answer or default as the defendant may elect. If he makes
answer the case will proceed to trial ; if not, judgment may be
taken by default under Pub. Stat. R. I. cap. 212, § 2 ;[1] he having
had personal notice of the pendency of the suit under a regular
process, upon which he has simply been discharged from arrest
upon grounds of public policy. The consideration that a suitor
may be deterred from coming to this State, by the fear of another

---

[1] As follows : —

SECT. 2. The defendant shall file his plea or answer with the clerk six days
before the sitting of the court, or judgment shall pass against him as for
default.

action against him, will lie with equal force to the service of a summons as to the non-abatement of a suit, after a discharge from arrest by reason of his privilege. It may not be strictly technical or logical to hold that there has been any service of the writ when the arrest has been discharged ; nevertheless it is in accordance with ancient practice, and the rule laid down in this State.

The same course is followed in a discharge from arrest, when the affidavit attached to the writ is untrue, under Pub. Stat. R. I. cap. 206, § 9.[1] The statute provides that the suit shall not abate ; and doubtless this was not considered to be a new stretch of legislative authority, but the application of an expressed and existing rule in an analogous case. Certainly the reason for abatement is stronger, when the plaintiff has procured an arrest on a false affidavit, than in the case at bar. If under this rule a designing plaintiff seeks to embarrass a defendant by taking the chance of an illegal arrest, knowing that his suit will stand, even if the arrest be discharged, it is enough to say that the bringing of the suit violates no natural right of the defendant, that he may obtain full immunity by a writ of protection, and, when it appears that the plaintiff has wilfully contrived to obstruct the administration of justice by means of the arrest, he may be punished for contempt of court, as in the case of *In re Healey*, 53 Vt. 694.

As the rule is founded upon considerations of public policy, we think this power is sufficient to insure its due observance, without the abatement of the suit, which is a matter quite distinct.

The bail of the defendant in this case is discharged.

*Albert D. Bean*, for plaintiff.

*John C. Pegram & George L. Cooke*, for defendant.

---

[1] As follows : —

*Provided*, that whenever an arrest shall be made in accordance with the third clause of this section, the court to which the writ is made returnable, or any justice thereof, may by order upon application of any defendant so arrested, and for cause shown upon hearing the parties therein, release such defendant from such arrest and discharge the bail, if any, taken thereon, but said writ shall not be abated on account of such release and discharge, but may be prosecuted to final judgment in the same manner as if no such release and discharge had been granted.