(Decided 19th June, 1894.)

JOSEPH MULLEN *vs.* EDWARD F. SANBORN and ARTHUR E. MANN, trading as SANBORN & MANN.

*Non-resident Witness—Privilege—Service of Summons.*

A resident of another State, who, after having caused to be issued an attachment on original process against a citizen of this State, which is quashed, voluntarily appears to testify in his own behalf at the trial of the short note case, is not exempt from service of a writ of summons issued to bring him into Court to respond in damages for wrongfully and maliciously causing the attachment to be issued.

APPEAL from the Baltimore City Court.

The case is stated in the opinion of the Court.

The cause was argued before ROBINSON, C. J., BRYAN, FOWLER, PAGE, McSHERRY, BOYD and BRISCOE, J.

*Rufus W. Applegarth,* and *Henry C. Kennard,* for the appellant.

*John Hinkley,* for the appellees.

*Bernard Carter*, who did not take part in the argument of the case, submitted a very full and carefully prepared brief for the appellees.

FOWLER, J., delivered the opinion of the Court.

Edward F. Sanborn and Arthur C. Mann, trading as Sanborn & Mann, residing and doing business in Massachusetts, issued out of the Baltimore City Court an attachment on original process against Joseph Mullen, a citizen of this State and a resident of Baltimore city. This attachment was subsequently quashed, and the short note case was prosecuted, but without success. Sanborn, one of the plaintiffs in the attachment suit, was advised by his counsel here that it would be necessary for him to testify as a witness at the trial of the short note case, and it is admitted he came here for that purpose. The case, however, was continued, and Sanborn, having left the courtroom in Baltimore, was about to depart from this State for his home in Massachusetts, when he was summoned as a defendant in a cause brought by the appellant, Mullen, to recover damages for wrongfully, maliciously, and without probable cause, issuing the attachment above mentioned. Sanborn moved to quash the writ of summons and the return of the sheriff thereon, on the ground that being a witness from another State he was exempt from civil process while attending as a witness in the short note case, and for a reasonable time thereafter. This motion was answered by Mullen, who insisted that it should be dismissed, but the Court below, being of opinion that it was bound by the decision of this Court in *Bolgiano vs. Gilbert Lock Co. and Lance*, 73 *Md.*, 132, passed an order quashing the writ of summons as prayed by Sanborn. From this order Mullen has appealed.

The only question, therefore, presented here is, whether under the circumstances of this case the appellee, San-

born, is exempt from the service of summons issued to bring him into Court to respond in damages for the wrong-ful and malicious issuing of the attachment. We do not think this case is within the rule laid down by this Court in *Bolgiano's Case, supra*. That was the case of a *witness*, who was not a party to the suit, who came here from New Jersey, where he resided, for the purpose of testifying in a cause on trial in this State, and we there expressed the view that the *tendency* of the courts in this country "is to enlarge the privilege and afford full protection to suitors and witnesses, from all forms of process of a civil nature during their attendance before any judicial tribunal, and for a reasonable time in going and returning;" but continu-ing, we said: "We think the decided weight of authority has extended the privilege *so far at least* as to exempt a resident of another State, who comes into this State as a witness to give evidence in a cause here, from service of process for the commencement of a civil suit against him in this State, and that the privilege protects him in staying and returning, provided he acts *bona fide*, and without unreasonable delay." The language above quoted was, of course, used in reference to the facts of the case then before us, that of a witness who was not a party to the cause. As we did not in the case just cited undertake to lay down any general rule as to the exemption of suitors from civil process, because that was a case involving only the rights of a witness, we do not think the case now before us would justify us in announcing a rule of exemption applicable alike to all suitors in *all* civil actions. As to what the better rule may be, both as to plaintiffs and defendants, there is some conflict of authority; but we are all of opinion that this right of exemption should not be ex-tended to one who, like the appellee, comes here and avails himself of the right given him by our statute to issue an attachment for fraud, or, as it is generally called, an at-tachment on original process. This proceeding has al-ways been considered an extreme remedy, and the legisla-

ture seeing the great temptation there would exist to abuse it, and the loss and injury to the defendant which must necessarily follow such abuse, provided by statute that no such attachment should issue until the plaintiff therein should give bond, with good security, to answer for all such costs and damages as should be awarded against him for wrongfully suing out such an attachment. When the appellee issued the attachment, the wrongful issuing of which and the damages thereby caused being the causes of action in this case, he gave bond as required by law, and the appellant not only has the right to look to that bond for compensation for the injury done him by the appellee, but in most cases it is the only source from which he may hope to secure it. We have held, however, that the bond cannot be put in suit unless a suit against the plaintiff in the attachment for wrongfully suing it out has first been prosecuted to judgment. *McLuckie and Hitchens vs. Williams,* 68 *Md.,* 265. The appellee having failed to prosecute his attachment with success, and the appellant having sued him in the Court where the bond was filed to ascertain the damages, so that he could avail himself of a suit on the bond to make himself whole, we think the appellee should be held to have waived his right, if he had any, to exemption from summons, and should at least, be put in the same and no worse situation than resident suitors would be under like circumstances. Having voluntarily appeared in our Courts to take advantage of this peculiarly harsh remedy, and having given bond, without which he could not have attached, he ought not to be allowed to assume a position which might enable him to escape all liability for his wrongdoing, and at the same time destroy the efficacy of his bond. For, if the bond, which in many cases will alone protect the defendant from loss and his business from destruction, cannot be put in suit until the non-resident plaintiff in attachment has been sued and a judgment recovered against him in the perhaps far distant State where he resides, the value of the bond as a security

to the alleged debtor, and as a means of preventing the fraudulent and reckless abuse of the process of the Court, will be greatly diminished, if not, in many cases, made absolutely worthless.

It would seem, therefore, that whatever rule of exemption we may adopt in regard to suitors generally, in civil actions, when the occasion arises, that neither public policy nor the due administration of justice demands that we should hold the appellee exempt from the service of the summons issued against him to compel him to answer in damages for the alleged wrongful issuing of the attachment in question. Sound public policy, on the contrary, as well as the administration of equal justice, would seem to demand that no inducements should be held out to non-resident suitors to avail themselves of the harshest remedy known to our statutes; but if they should come, and should abuse the remedy to the injury of an alleged debtor, let them answer here as the residents of this State must do in like cases.

In conclusion, we need only say that we think it unnecessary to discuss further than we have already done, *Bolgiano's Case;* for whether or not the principles there announced and the cases there cited to support them establish, as contended by counsel for appellee in the additional brief filed a few days ago, that, generally, plaintiffs, defendants, and witnesses are all equally exempt from civil process while attending Court in another State, the case now before us, for the reasons we have given, is unlike that case and the cases therein cited.

We must not be considered as agreeing that *Bolgiano's Case* goes to the extent contended for by the appellee here. The exemption from service of civil process enjoyed by *witnesses* in this State under the rule laid down in the case cited, should not be further extended, except upon the most careful consideration.

*Order reversed and cause remanded.*

(Decided 20th June, 1894.)