750    First Nat. Bank *v.* Di Martino & Musso Contg. Co.

Third Department, December, 1917.          [Vol. 180.

First National Bank of Albany, N. Y., Respondent, *v.* Di Martino & Musso Contracting Company and Others, Defendants, Impleaded with Salvatore Di Martino, Appellant.   (Action No. 1.)

First National Bank of Albany, N. Y., Respondent, *v.* Di Martino & Musso Contracting Company and Others, Defendants, Impleaded with Salvatore Di Martino, Appellant.   (Action No. 2.)

First National Bank of Albany, N. Y., Respondent, *v.* General Construction Company and Vincent Aderente, Defendants, Impleaded with Salvatore Di Martino, Appellant.

First National Bank of Albany, N. Y., Respondent, *v.* Alfred Musso and Laetitia Gravina Musso, Defendants, Impleaded with Salvatore Di Martino, Appellant.

Third Department, December 28, 1917.

Process — service upon non-resident while within State as witness.

A resident of a foreign State, who came into this State for the sole purpose of being a witness in an action pending before the Court of Claims, although he has an interest therein, cannot be served with process in another action, not brought in respect to a wrong which he has committed while here.

Appeal in each case by the defendant, Salvatore Di Martino, from orders of the Supreme Court, one in each action, made at the Albany Special Term and entered in the office of the clerk of the county of Albany on the 8th day of January, 1917, denying his motion to set aside the service of the summons and complaint in each action as to him.

*John C. Wait,* for the appellant.

*Tracey, Cooper & Townsend* [*B. Jermain Savage* of counsel], for the respondent.

Woodward, J.:

The affidavits of John C. Wait, attorney, and Salvatore Di Martino, one of the defendants in the above-entitled actions, show that the defendant Di Martino was and is a

First Nat. Bank *v.* Di Martino & Musso Contg. Co.   751

App. Div.]        Third Department, December, 1917.

resident of the State of Pennsylvania; that he came into the State of New York, and to the city of Syracuse, for the purpose of being a witness in an action pending before the Court of Claims, in which the plaintiff in this action is largely interested through assignments of claims against the State of New York, growing out of the financing of certain highway contracts. The action was that of the General Construction Company against the State of New York, and the plaintiff in these actions was interested in the action as assignee of the interest of the General Construction Company, through a third party. The affidavits above mentioned, which are not disputed in their essential allegations, show that the defendant Di Martino came into the State for the one purpose of being a witness in support of the claim in which the plaintiff in these various actions was interested, and that he was served with the several summonses and complaints while leaving the court house at Syracuse after testifying; that the process was served with full knowledge of these facts, and in spite of the protest of the defendant that he was privileged from such service.

There is no question raised that the general rule forbids service of process upon the resident of a sister State temporarily within this State for the purpose of appearing as a witness in actions pending in our courts (*Netograph Manufacturing Co.* v. *Scrugham*, 197 N. Y. 377, 380, and authorities there cited), but it is urged, upon the authority of *Iron Dyke Copper Mining Co.* v. *Iron Dyke Railroad Co.* (132 Fed. Rep. 208) that the rule is not applicable to the present case. The case relied upon determined no principle of law contrary to the general rule. The court expressly declined to determine a question of law, and said: " It appears that these defendants had organized a corporation and made surveys for the purpose of acquiring valuable franchises, in violation, as is alleged, of the rights of the Iron Dyke Copper Mining Company, and that they were so engaged at the time of the service upon them. In such a case the defendants are not entitled to plead the exemption claimed for them. * * * It is self-evident that an actionable wrong cannot exempt a party from service in an action in respect to it." Of course it would be absurd to say that a person within this State, nominally

Third Department, December, 1917.          [Vol. 180.

as a party or a witness, could not be served with process in an action brought in respect to a wrong which such person committed while thus here, but we are of the opinion that there is no authority to be found which gives support to the action of the plaintiff in serving the defendant Di Martino under the circumstances disclosed in the affidavits before the court. He was here serving the interests of the plaintiff in a complex matter before the Court of Claims. It is true, perhaps, that the defendant Di Martino had an interest also in the claim, but this fact did not deprive him of the privilege which the general policy of the law extends to persons necessarily before the courts for the protection of their own rights or the rights of others; and it is very evident that the actions which have been commenced by this illegal service are not necessary to the protection of all of the rights of the plaintiff.

The orders appealed from should be reversed and the service set aside, with costs to the appellant.

All concurred.

Orders reversed and the service set aside, with ten dollars costs and disbursements to the appellant.