(95 South. 419)

No. 25736.

## LE BLANC v. LOUGHRIDGE.

### In re LOUGHRIDGE.

(Jan. 27, 1923.)

*(Syllabus by Editorial Staff.)*

1. **Domicile** ⬥⬥8—**Burden on plaintiff to show defendant's change of domicile on which validity of service depends.**

Where validity of service made at defendant's plantation on her husband during her absence depended on whether she was domiciled in the parish, the burden was on plaintiff to prove defendant's change of domicile from Kentucky, her former home.

2. **Domicile** ⬥⬥10—**Evidence held insufficient to show change of domicile so as to sustain service.**

Evidence *held* insufficient to show that a resident of Kentucky owning a plantation in Louisiana had changed her domicile to Louisiana so as to sustain service made at the plantation on her husband during her absence from the state.

3. **Domicile** ⬥⬥4(2)—**Residence coupled with intention necessary.**

Residence does not alone constitute domicile, and it is the fact of residence coupled with intention of remaining permanently which constitutes it.—

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Domicile.]

4. **Prohibition** ⬥⬥10(2)—**Lies to prevent proceedings under injunction rendered without valid service.** ·

Under Code Prac. art. 846, prohibition lies to prevent proceedings under an injunction and to annul the injunction when granted without valid service on defendant.

Suit by Laodis Le Blanc against Mrs. Fannie C. Loughridge. Injunction granted, and rule to show cause why defendant should not be held in contempt served, and she applies for a writ of prohibition. Injunction set aside and annulled, and writ of prohibition made perpetual.

Burke & Smith, of New Iberia, for applicant.

Provost & Vuillemot, of New Iberia, opposed.

ROGERS, J. Plaintiff brought suit in the district court of the parish of Iberia to recover damages from the defendant for obstructing certain drains to which he laid claim, coupled with a rule to show cause why an injunction should not issue ordering said defendant to open said drains. The service was made at the defendant's plantation on her husband, she being absent from the state.

The rule nisi was met by an exception of want of jurisdiction ratione personæ and an objection to the citation.

After hearing evidence, the court entertained jurisdiction, issued the ·injunction as prayed for, and thereafter, upon the application of plaintiff, ordered defendant to show cause why she should not be held in contempt for not complying with said writ. This rule was also served upon defendant's husband, as she was still absent from the state.

If defendant is domiciled in the parish of Iberia, the service is undeniably valid; if, on the other hand, she is not domiciled in ·said parish, the service is invalid.

[1] The defendant came to Louisiana from Kentucky. She claims the latter, and not the former, state to be her domicile. The burden of proving her change of domicile is upon the plaintiff. Succession of Simmons, 109 La. 1095, 34 South. 101.

[2] In order to establish defendant's domicile to be in the parish of Iberia, plaintiff relies upon his own testimony and that of three other witnesses, and on a declaration in a certain lease in which defendant is stated to be a resident of said parish.

The witness Hulin testified that on one occasion the defendant's husband told him that he had come to live on the place. He had never talked to defendant herself.

The witness Abshire testified that, from a

conversation which he had with Mr. Loughridge, he understood they (the Loughridge family) intended to make their home on the plantation. He had never had any conversation with Mrs. Loughridge on the subject.

The witness Landry did not know anything whatever about the matter, and had never talked either with the defendant or with her husband concerning their intentions.

The plaintiff testified that the defendant's husband had told him that they had come to live in the parish.

The evidence of Mr. Loughridge, on the other hand, is in direct contradiction of this testimony, and shows conclusively that the domicile of himself and of his wife is in the state of Kentucky.

The testimony of this witness, which is uncontradicted, shows that during the fall of 1921, he, together with his wife, and one of his daughters came from their home in Lexington, Ky., to the parish of Iberia, where his said wife owns a plantation, to look into her business affairs, and there being no tenant on the plantation for the succeeding year, she fitted up a cabin on the property so as to make it habitable, and purchased locally furniture with which she furnished it for temporary use. Her chief establishment in Lexington, Ky., was occupied by the other members of her family, being her unmarried children, who remained there and kept house. She votes in Kentucky, and makes her income tax return there.

On the 23d of November, 1922, she leased her plantation to one James Lachousse by an act before a notary public in the parish of Vermillion. In writing up the act, the notary declared the lessor to be a resident of the parish of Iberia. Defendant demurred to this statement at the time, as being in error, stating that she was a resident of Kentucky, and not of the parish of Iberia, but upon the notary's assurance that it made no difference she allowed the lease to remain as it was written.

Immediately after the property was leased for the year 1923, Mrs. Loughridge returned to her home in Lexington, Ky., her husband and daughter remaining on the plantation, pending the surrender to the lessee, and during the saving of the crop.

These proceedings were instituted after her departure.

Plaintiff has not satisfactorily discharged the burden of proving defendant's change of domicile. He has not shown the change of domicile from Kentucky to Louisiana. As a matter of fact, the evidence preponderates in favor of the contention of the defendant that she has always maintained her domicile in Kentucky.

[3] The act of residence does not alone constitute the domicile of a party, but it is the fact of residence coupled with the intention of remaining permanently which constitutes it. McKowen v. McGuire, 15 La. Ann. 637; Succession of Simmons, 109 La. 1095, 34 South. 101.

[4] There is no merit in the contention that a writ of prohibition cannot issue herein as the aggrieved party has a remedy by appeal.

A writ of prohibition is the proper remedy where the court exceeds the bounds of its jurisdiction or lawful powers. C. P. art. 846; State ex rel. Gaslight Co. v. Judge, 37 La. Ann. 605; State ex rel. Behan v. Judge, 35 La. Ann. 1075; State ex rel. Fernandez v. Houston, 34 La. Ann. 875; State ex rel. Liversey v. Judge, 34 La. Ann. 741.

For the reasons assigned, the injunction herein issued is set aside and annulled, and Hon. James Simon, judge of the Nineteenth judicial district court in and for the parish of Iberia, and the said Laodis Le Blanc, plaintiff herein, are forbidden and prohibited from executing, or attempting to execute, the same, and are further prohibited from proceeding further in any rule against the relator tending to hold her in contempt of court in the proceedings set forth in her application for prohibition herein, and the said writ of prohibition is made perpetual at the cost of plaintiff.