SMITH v. IVERSON, District Judge.

No. 4058.   Decided April 12, 1924.   (225 Pac. 603.)

1. MANDAMUS—SCOPE OF INQUIRY, WHERE SOUGHT TO COMPEL TRIAL COURT TO DISREGARD ITS ORDER QUASHING SERVICE OF SUMMONS, STATED. In original proceedings in Supreme Court to compel trial court to proceeed notwithstanding its order quashing service of summons, in determining issue as to whether facts upon which order based sufficiently proved, court can only inquire whether there was any legal proof of such facts.

2. PROCESS—AFFIDVAIT STATING FACTS UPON WHICH IMMUNITY FROM SERVICE OF SUMMONS CLAIMED HELD SUFFICIENT. Affidavit of attorney made for nonresident defendant under authority of Comp. Laws 1917, § 7019, in aid of motion to set aside service of summons, *held* sufficient, as against objection that in stating purpose of presence of defendant in state, it merely alleged conclusions and ultimate facts known only to affiant by hearsay.

3. PROCESS—NONRESIDENT HELD IMMUNE FROM SERVICE WHILE TEMPORARILY IN STATE TO ATTEND COURT AS PARTY PLAINTIFF AND WITNESS. A nonresident of state *held* immune from service of summons in independent action while she was in state temporarily for sole purpose of attending and testifying as witness at trial of action to which she was party plaintiff.

4. PROCESS—AS MATTER OF COMITY, STATE SHOULD GRANT TO NONRESIDENTS IMMUNITY FROM SERVICE OF PROCESS WHILE ATTENDING AS WITNESSES. Since a great maority of the states afford to nonresidents immunity from service of civil process while in state attending court either as witness or party, the state of Utah as matter of comity should extend corresponding immunity to such nonresidents.

Original petition of D. C. Smith for writ of mandate to compel G. A. Iverson, as Judge of the District Court of Salt Lake County, to proceed with a certain action pending before him.

ALTERNATIVE WRIT QUASHED and proceeding dismissed.

*Hurd & Hurd,* of Salt Lake City, for plaintiff.

*E. V. Higgins,* of Salt Lake City, for defendant.

CHERRY, J.

This is a petition for a writ of mandate requiring the defendant, as judge of the district court of Salt Lake county, to proceed with an action pending before him, which had been halted by an order setting aside and quashing the service of the summons therein.

It is set forth that the plaintiff in this proceeding commenced a personal action in the district court of Salt Lake

county against one Lillie Smith, defendant; that summons was served on the defendant personally at Salt Lake county, Utah, on June 29, 1922; that thereafter the defendant made a special appearance and moved the court to quash and set aside the service of the summons upon the grounds that she was a nonresident of the state of Utah, and that the summons was served upon her at a time when she was temporarily present in the state of Utah for the sole purpose of attending the trial of a certain action in the district court of Salt Lake county, in which action she was the plaintiff and a witness, on account of which circumstances she claimed to be immune from the service of the summons.

The district court sustained the motion and set aside the service of the summons. It appeared that the defendant, after being so served, had returned to her home in North Dakota and that no further service of summons, for that reason, could be made upon her.

A preliminary question arises upon the objection that the facts upon which the motion was based were not sufficiently proved, and for that reason the service of summons was wrongfully quashed. Of course, we cannot in this proceeding weigh evidence. We can only inquire if there was any legal proof of the facts upon which the order was made.

Comp. Laws Utah 1917, § 7019, provides that testimony to sustain or resist a motion may be in the form of affidavits, and that a person making an affidavit may be required to submit to cross-examination upon the matters contained in his affidavit.

The affidavit in controversy was made by the defendant's attorney. It stated the facts upon which the immunity was claimed, including the statement that the presence of the defendant in the state of Utah, at the time of the service of summons upon her, was for the sole purpose of attending the trial of the action in the district court to which she was a party, and in which she was a witness.

It is contended that the purpose of the defendant, for being in this state, was a matter resting solely in the mind of the

defendant herself and could not be known by her attorney, except by hearsay, and therefore could not be proved by his affidavit. The plaintiff did not avail himself of his right to cross-examine the maker of the affidavit, and there was no substantial denial of the facts stated in the affidavit. It cannot be said, absolutely, that no person other than defendant herself could know her purpose for being present in this state. It is conceivable that her attorney might know facts and circumstances warranting the ultimate fact contained in his affidavit. But the matter is not to be tested by the strict rules of evidence. The authority to employ affidavits to establish facts in such proceedings implies a latitude in the form of the proof, and necessarily permits conclusions and ultimate facts to be stated. We think the affidavit was sufficient, as a matter of law, to support the conclusion of the court as to the fact stated.

The main question to be considered is whether a nonresident of the state is immune from the service of summons in an independent action while temporarily present in the state for the sole purpose of attending and testifying as a witness at the trial of an action to which she is a party plaintiff in the state court. The question has not previously been determined by this court, but it has been a frequent subject of decision in many other American courts, and by a great preponderance of authority the immunity has been sustained. A leading authority is the early case of *Halsey* v. *Stewart,* 4 N. J. Law, 366, in which the reasons for the rule are stated as follows:

"Courts of justice ought, everywhere, to be open, accessible, free from interruption, and to cast a perfect protection around every man who necessarily approaches them. The citizen, in every claim of right which he exhibits, and every defense which he is obliged to make, should be permitted to approach them, not only without subjecting himself to evil, but even free from the fear of molestation or hindrance. He should also be enabled to procure, without difficulty, the attendance of all such persons as are necessary to manifest his rights. Now, this great object in the administration of justice, would, in a variety of ways he obstructed, if parties and witnesses were liable to be served with process, while actually attending the court. It is often matter of great importance to the

citizen, to prevent the institution and prosecution of a suit in any court, at a distance from his home and his means of defense; and the fear that a suit may be commenced there by summons, will as effectually prevent his approach as if a capias might be served upon him. This is especially the case with citizens of neighboring states, to whom the power which the court possesses of compelling attendance cannot reach."

Judge Cooley, in sustaining the immunity, says, in *Mitchell v. Huron, Circuit Judge*, 53 Mich. 541, 19 N. W. 176:

"Public policy, the due administration of justice, and protection to parties and witnesses alike demand it. There would be no question about it if the suit had been commenced by arrest; but the reasons for exemption are applicable, though with somewhat less force, in other cases also."

The cases upon the subject are too numerous to be quoted here. A large number are collected in a note to *Mullen v. Sanborn*, 79 Md. 364, 29 Atl. 522, 25 L. R. A. 721, 47 Am. St. Rep. 421, and a later collection is contained in the note to *Long v. Hawken*, 114 Md. 234, 79 Atl. 190, 42 L. R. A. (N. S.) 1101. A still later grouping of cases is made in *State v. Sup. Ct.*, 111 Wash. 187, 189 Pac. 1016.

Respecting the state of judicial opinion upon the question, it is said in *Hale v. Wharton* (C. C.) 73 Fed. 739:

"It is, perhaps, not too much to say that no rule of practice is more firmly rooted in the jurisprudence of United States courts than that of the exemption of persons from the writ of arrest and of summons while attending upon courts of justice, either as witnesses or suitors."

And in the recent case of *Stewart v. Ramsay*, 242 U. S. 128, 37 Sup. Ct. 44, 61 L. Ed. 192, Mr. Justice Pitney says:

"The true rule, well founded in reason and sustained by the greater weight of authority, is, that suitors, as well as witnesses, coming from another state or jurisdiction, are exempt from the service of civil process while in attendance upon court, and during a reasonable time in coming and going."

In *State v. Sup. Ct.*, 111 Wash. 187, 189 Pac. 1016, it is said:

"At common law witnesses and parties were privileged from the service of the then existing means of summons in civil actions during the time they were in attendance upon the court. A review of the decided cases would extend this opinion to an unpardonable length and would reveal that the eminent judges of the various

federal courts and the Supreme Court itself, and the overwhelming majority of the state courts, are committed to the rule established at common law, and that only a small minority of the state courts adhere to the contrary doctrine. We are content to follow the majority rule, not only because of its overwhelming indorsement by the courts and the eminent jurists who have given it their sanction, but as well because it is founded upon a reason which originally was sound, and which time has not altered."

A recent state case is *Diamond* v. *Earle,* 217 Mass. 499, 105 N. E. 363, 51 L. R. A. (N. S.) 1178, Ann. Cas. 1915D, 984, wherein the syllabus is as follows:

"Suitors, plaintiff and defendant, and witnesses from a foreign jurisdiction, are exempt from service of civil process while attending court, and for such reasonable time before and after as may enable them to come from and return to their homes."

There are contrary cases: *Bishop* v. *Vose,* 27 Conn. 1; *Baldwin* v. *Emerson,* 16 R. I. 304, 15 Atl. 83, 27 Am. St. Rep. 741; *Capwell* v. *Sipe,* 17 R. I. 475, 23 Atl. 14, 23 Am. St. Rep. 890; *Guynn* v. *McDaneld,* 4 Idaho, 605, 43 Pac. 74, 95 Am. St. Rep. 158; *Tiedeman* v. *Tiedeman,* 35 Nev. 259, 129 Pac. 313; *Christian* v. *Williams,* 111 Mo. 429, 20 S. W. 96. In a later Missouri case (*State* v. *Moore,* 164 Mo. App. 551, 147 S. W. 551) the court, after referring to the large number of cases supporting the immunity, said:

"If we are not bound by controlling decisions of our own court, we would be inclined to adopt the rule supported by this great weight of authority," etc.

*Page* v. *Randall,* 6 Cal. 32, and *Mullen* v. *Sanbord,* 79 Md. 364, 29 Atl. 522, 25 L. R. A. 721, 47 Am. St. Rep. 421, which are cited as supporting the minority rule, are both superseded by later cases supporting the majority rule in favor of the immunity; the former by *Hammons* v. *Sup. Ct.* (Cal. App.) 219 Pac. 1037, and the latter by *Long* v. *Hawken,* 114 Md. 234, 79 Atl. 190, 42 L. R. A. (N. S.) 1101.

There are some arguments of apparent validity against the immunity, and in supposable individual cases its application might offend the sense of fair play; but considered as a general rule it rests upon sound and useful principles, and its wisdom and propriety appear to be

confirmed by experience and approved by abundant judicial authority.

There is a further principle of comity involved.   The immunity concerns and mainly extends to nonresidents. The fact that the courts of so great a majority of        4 the states have adopted and approved the rule by which they afford the immunity in question to the residents of other states is a forceful reason why we should extend a corresponding immunity to nonresidents of this state as a matter of comity.

It is the conclusion of this court that the service of the summons was properly set aside, and that there are no grounds for the writ of mandate prayed for.   The alternative writ is quashed and the proceeding dismissed, at plaintiff's cost.

GIDEON, THURMAN, and FRICK, JJ., and RICHIE, District Judge, concur.

WEBER, C. J., did not participate herein.