## STATE EX REL. BRAINARD vs. DIST. COURT OF EIGHTH JUDICIAL DISTRICT IN AND FOR NATRONA COUNTY ET AL.*

(No. 1330; Febr. 2nd, 1926; 243 Pac. 123.)

PROCESS—IMMUNITY FROM SERVICE OF PROCESS—WITNESSES—SUB-POENA—PROHIBITION.

1. Generally, while a person attends as a witness in a trial in a state other than that of his residence, he is immune from service of civil process during actual attendance at the trial and while going to or returning therefrom.

2. No subpoena has any extraterritorial effect.

3. Where a father and son were arrested for embezzlement, and the father was convicted, but the son discharged for want of evidence, complaining witness, who was a nonresident of state, and voluntarily attended the father's trial 5 weeks later, was immune from service of summons in a case brought against him by the son for wrongful arrest.

4. The principle of immunity from service of process on nonresidents while in the state attending trial is not based on reciprocity, and therefore immunity of resident of Idaho while in Wyoming, attending court as witness, is not effected by fact that citizens of Wyoming would not in like cases be immune from service of process in Idaho.

5. Where, in suit for wrongful arrest, civil summons served on a nonresident while attending court in this state was voidable, and insufficient to give the court jurisdiction, prohibition would lie to prevent the trial court from proceeding in the case; there being no other plain remedy.

6. Service of process on privileged person is not void, but voidable.

7. In determining whether there is such a plain, speedy, and adequate remedy as will make writ of prohibition improper, the matter of the expense of such other remedy, although not controlling, may be taken into consideration.

*NOTE—See Headnotes (1) 5 C. J. pp. 438 n. 38; 441 n. 85; 32 Cyc. p. 492 n. 45 (2) 32 Cyc. p. 492 n. 45; 40 Cyc. p. 2165 n. 15 (3, 4) 32 Cyc. p. 492 n. 45 (5, 6) 38 C. J. p. 546 n. 76; 32 Cyc. pp. 495 n. 65 , 66; 695 n. 37 (7) 3 C. J. p. 479 n. 84; 32 Cyc. p. 614 n. 2.

Original proceeding for writ of Prohibition by the state on the relation of A. J. Brainard against the District Court of the eighth Judicial District in and for Natrona County, and Bryant S. Cromer Judge thereof.

*L. H. Sennett* and *S. S. Combs* for plaintiff.

One attending a trial as a witness in a state other than that of his residence, is immune from service of civil process; 21 R. C. L. 1305; Chittendan vs. Carter, 74 Atl. 884; Wilson vs. Donaldson, 20 N. E. 250; Murray vs. Wilcox, 64 L. R. A. 534; Bulgiano vs. Gilbert Lock Co., 25 A. S. R. 582; Pierson vs. Grier, 66 N. Y. 124; Malloy vs. Brewer, 64 N. W. 1120; Rix vs. Sprague Canning Machinery Co., 52 L. R. A. N. S. 583; State ex rel Lane vs. District Court of the Second Judicial District of the State of Montana for the County of Silver Bow L. R. A. 1916E, page 1079; State ex rel Co. vs. The Dist. Ct. of the Eighth Judicial Dist., 235 Pac. 766; prohibition is the proper remedy in this case; State of Montana vs. Lane, supra; State vs. Dist. Court, supra; in re Rice, 155 U. S. 396, 22 R. C. L. 6.

*Foster & Wehrli* for defendants.

One coming in voluntarily cannot claim immunity; Fields vs. Ragelmeir, 19 Ohio D. 164; the Ohio statute was adopted here as our section 6049; Compton vs. Wilder, 40 O. S. 103; immunity can be claimed by those who are involuntarily within the jurisdiction; Kreel vs. Kreel, 12 O. D. 634; Currie vs. Kirsh, (Ky.) 74 S. W. 268; Lewis vs. Miller (Ky.) 74 S. W. 691; Tiedman vs. Tiedman (Nev.) 129 Pac. 313; Quynn vs. McDoneld, (Idaho) 43 Pac. 74; the history of the exemption is reviewed in Ellis vs. De-Garmo, (R. I.) 24 Atl. 579; the exemption or privilege, continues while the person is engaged in privileged duties; State vs. Court (Wash.) 189 Pac. 1016; it should be governed by the rule of comity; State vs. Ireson (Utah) 225 Pac. 603; the privilege does not extend to civil process; Christian vs. Williamson (Mo.) 20 S. W. 96; Baldwin vs. Emerson (R. I.) 15 Atl. 83; relator has a remedy at law;

Tiedman vs. Tiedman, supra; Andrews vs. Lembeck (Ohio) 18 N. E. 483; the case of Compton vs. Wilder differs on the facts in that, Wilder was brought into the state upon extradition and thereupon sued in a civil action.

*L. H. Sennett & S. S. Combs* in reply.

The privilege was not founded on comity, but upon the principle that courts for their own protection and to facilitate justice may grant the privilege to witnesses coming from other states; 21 R. C. L. 52; Wilson vs. Donaldson (Ind.) 20 N. E. 250; Murray vs. Wilcox (Iowa) 97 N. W. 1087; Rix vs. Co. (Wis.) 147 N. W. 1001; State vs. Court, (Mont.) 154 Pac. 200; Barber vs. Knowles (Ohio) 82 N. E. 1065; the privilege applies to witnesses from other states even though not served with subpoena in the state; Sherman vs. Gundlach, 37 Minn. 118; Bolgiana vs. Gilbert Co., 73 Md. 132; Palmer vs. Rowan (Nebr.) 59 Am. Rep. 844; Pollard vs. R. R. Co., 7 Abb. Pr. NS 70; 5825 C. S.; prohibition is a proper remedy; State vs. Mau Ausherman, 11 Wyo. 410; 22 Cyc. 605; want of jurisdiction is a sufficient ground; 22 R. C. L. 20; In Re: Morrison, 147 U. S. 14; Ex Parte Wilson (Ala.), 10 L. R. A. (N. S.) 1129; an appeal would not afford a speedy remedy; Havemeyer vs. Court, (Cal.) 24 Pac. 121; State vs. Court (Wash.) 82 Pac. 877.

BLUME, Justice.

This is an original action in this court for a writ of prohibition against the District Court of Natrona County, Wyoming, and the judge thereof. The following facts appear from the petition: The relator, A. J. Brainard, is, and for more than twenty-five years has been, a citizen of the state of Idaho. He came to this state about March 20, 1925, for the sole purpose of being a witness in a case wherein the state of Wyoming was plaintiff and one E. C. Bemis was defendant, and on the date mentioned was in attendance at the district court of Natrona county as such witness. He came here upon the request of the prosecuting attorney of Natrona county. On the day stated, and while

so in attendance upon said court, a summons was served upon him in an action brought in said county, wherein one Earl Bemis (son of E. C. Bemis) is plaintiff and the relator herein is defendant, in which action Earl Bemis seeks to recover from the relator $20,000 damages, on account of his alleged wrongful arrest on February 14, 1925, in Natrona County, Wyoming, upon the complaint of the relator herein. On March 21, 1925, the relator made a special appearance in that suit for the sole purpose of objecting to the jurisdiction of the court and moved the court for an order to quash the service of the summons therein, on the ground that such service was unlawful while he was in attendance as a witness as above stated. An affidavit setting forth the facts was attached to the motion. On July 10, 1925 the district court overruled the motion, making a finding of facts, however, substantially to the effect herein stated, and requiring the defendant to answer within twenty days from the date of said order. Before the expiration of that time and on July 30, 1925, this petition, for a writ of prohibition, was filed. An alternative writ was issued citing the defendants to appear and show cause why the writ should not be made permanent. The defendants appeared and filed a demurrer to the petition, upon the ground that it fails to state facts sufficient to constitute a cause of action. The demurrer has been argued and is now before us for disposition.

1.   It is a rule of law, almost universally recognized, that while a person attends as a witness in a trial in a state other than that of his residence, he is immune from service of civil process, during actual attendance at the trial and while going to or returning therefrom. This immunity is generally placed upon the ground that it is demanded by public policy, the due administration of justice and the protection of parties and witness alike. In the case of Brooks v. State, 3 Boyce (Del.) 1, 79 Atl. 790, Ann. Cas. 1915A 1133, 51 L. R. A. N. S. 1126, the court in speaking of the rule said as follows:

"The rule is based upon reason and was established for the purpose which has been consistently adhered to from the early English authorities down through the modern American authorities upon the subject. The reason of the rule is the proper administration of justice and its purpose is to protect that administration from embarrassments and' interruptions caused by disturbances to those whose attendance upon the courts is compelled by duty or necessity. The rule was established for the protection of the courts, that they might the better administer justice, free from interference with and intimidation of suitors, solicitors and witnesses, and disturbance of the court's officers in the exercise of their duties, and became a privilege that affected persons in their several capacities only as their protection from process rendered the administration of justice more certain and complete. The privilege arises out of the authority and dignity of the court. It is founded on the necessities of judicial administration. It has for its primal object the protection of the court, and not the immunity of the person, and is extended or withheld only as judicial necessities require."

The authorities upon the subject are numerous, and we shall cite but a few: 21 R. C. L. 1305-1311, 32 Cyc. 492; Lonsdale Grain Co. v. Neil, 73 Okla. 221, 175 Pac. 823; Minch & Eisenbrey Co. v. Cram, 136 Md. 122, 110 Atl. 204; Engle v. Manchester, 46 App. D. C. 220; Winder v. Penniman, 181 N. C. 7, 105 S. E. 884; Dolber v. Young, (N. H.) 123 Atl. 218; Diamond v. Earle, 217 Mass. 499, 105 N. E. 363, 51 L. R. A. N. S. 1178, Ann. Cas. 1915D 984; State ex rel. v. District Court, (Mont.) 235 Pac. 766; Smith v. Iverson, 63 Utah 292, 225 Pac. 603.

Counsel for defendant contend that the common law has frequently been misinterpreted in connection with the point under discussion, and that while a witness and suitor in a case were exempt from arrest, they were not immune from service of process by which a civil suit for the recovery of

a debt was instituted. The main case relied on is Cameron v. Lightfoot, 2 Bla. Rep. 1190, 96 Eng. Rep. 701, discussed in King v. Coit, 4 Day (Conn.) 129, and referred to in Ellis v. DeGarmo, 17 R. I. 715, 24 Atl. 579, 19 L. R. A. 560, and Christian v. Williams, 111 Mo. 429, 20 S. W. 96. It appears in the English case that Cameron was sued by Lightfoot for a debt and arrested while attending court as a party to a cause then tried. Upon application he was discharged from the arrest, but was required to enter into what was called common bail, which was the equivalent of an appearance in the action. The court held that the process was not void and remained as a foundation for subsequent proceedings, and that the irregularity did not lie in the process, but in the *service of it at a wrong time*. Looking at the case merely in the light of present day conditions, when civilization has advanced, a more humanitarian spirit prevails, and arrests for debt are practically unknown, it gives color to the contentions of counsel. But a study of the reasons mentioned in the case in the light of conditions then existing will show that the principles there applied are not inconsistent with the principles hereinbefore mentioned. At common law plaintiff was entitled to arrest a defendant in many, if not nearly all, actions for the recovery of a debt. Such arrest consisted of the apprehension of a person to answer a demand against him in the action, and no other process, we take it, was necessary to bring the defendant into court. 5 C. J. 438, 441; Green v. Morse, 5 Me. 291; Legrand v. Bedinger, 4 T. B. Man. (Ky.) 539. No diversity of jurisdiction such as exists in the various states of our Union, is revealed in the Cameron case. The defendant was subject to process at the identical place in which he was arrested at some proper time, for the case states that the service was at the wrong time, because of the defendant's attendance at a trial. If the court had held the process void in toto, it could not have prevented service in the same jurisdiction a short time thereafter. Hence the court went no further than reason required. But the

case, nevertheless, reveals and applies, as is true in a number of other early cases, (see Cole v. Hawkins, 2 Strange 1094, 93 Eng. Repr. 1054; Arding v. Flower, 8 T. R. 534, 101 Eng. Repr. 1531; Ex parte King, 7 Ves. Jr. 312) the fundamental principle that the due administration of justice must be protected. How can that principle be enforced in the case at bar except by giving immunity from service of summons in this state? Relator came here voluntarily. All non-resident witnesses must do so in any case, if they come here at all, for no subpoena has any extra-territorial effect. Should we discourage them from doing so? We think not. In fact in order to encourage them to go to states other than that of their residence voluntarily, to become witnesses in cases where their presence may be required, is one, if not the main, reason why the principle of immunity from service of process, while in the latter state, is extended to them. More than 100 years ago (1817) it was said in Halsey v. Stewart, 4 N. J. L. 420:

"Courts of justice ought, everywhere to be open, accessible, free from interruption, and to cast a perfect protection around every man who necessarily approaches them. The citizen, in every claim of right which he exhibits, and every defence which he is obliged to make, should be permitted to approach them, not only without subjecting himself to evil, but even free from the fear of molestation or hindrance. He should also be enabled to procure, without difficulty, the attendance of all such persons as are necessary to manifest his rights. Now, this great subject in the administration of justice, would, in a variety of ways be obstructed, if parties and witnesses were liable to be served with process, while actually attending the court. It is often matter of great importance to the citizen, to prevent the institution and prosecution of a suit in any court, at a distance from his home and his means of defence; and the fear that suit may be commenced there by summons, will as effectually prevent his approach as if a capias might be served

upon him. This is especially the case with citizens of neighboring states, to whom the power which the court possesses of compelling attendance, cannot reach.''

And in the case of Diamond v. Earle, supra, the court said:

''Nonresidents cannot be compelled to come within the jurisdiction to testify. As such testimony may be essential in the due administration of justice, they ought to be protected in coming voluntarily into our courts to aid in the ascertainment of truth, and in the accomplishment of right results by the courts. It is not merely a privilege of the person; it is a prerogative exerted by the sovereign power through the courts for the furtherance of the ends of justice. Every party has a right to testify in his own behalf. He cannot do this freely, if hampered by the hazard that he may become entangled in other litigation in foreign courts. The rule is applied almost universally in behalf of witnesses coming from a foreign state. It is extended generally to defendants living outside the state where the litigation is pending. See cases collected in 32 Cyc. 492, 494; Mullen v. Sanborn, 79 Md. 364, 25 L. R. A. 721, 47 Am. St. Rep. 421, 29 Atl. 522.''

While the facts do not clearly appear herein, it seems that Earl Bemis and E. C. Bemis, both, were arrested on February 14, 1925, for the identical crime, namely embezzlement, on complaint of relator. Earl Bemis was subsequently discharged for want of evidence against him, while E. C. Bemis was tried and convicted in the trial above mentioned. It seems to be claimed, accordingly, that because the tort for which relator is sued is so closely connected with the matter involved in the trial of E. C. Bemis, and because of the fact that the tort for which he was sued was committed in this state, he ought not to be exempt from service of civil process here. Such claim might be made with greater force, if Earl Bemis had been a party in the case in which relator

was the complaining witness. Exceptions have been made to the rule of immunity from service of process, extended, ordinarily, by the majority of courts, to parties. (21 R. C. L. 1306.) Thus it is held in Rizo v. Burruel, 23 Ariz. 137, 202 Pac. 234, 19 A. L. R. 823; Livengood v. Ball, 63 Okla. 93, 162 Pac. 768, L. R. A. 1917C 905; Melbin v. Sanburn, 79 Md. 364, 25 L. R. A. 721, 47 Am. St. Rep. 421, that a non-resident party to a suit is not exempt from service of summons in an action connected with the subject of litigation in which such non-resident appears. And it may be that a complaining witness in a criminal case should stand in no different relation to a defendant therein who is acquitted and who, therefore, might have an action for malicious prosecution against such complaining witness. But we need not pass upon that point, for the reason that Earl Bemis was not a party to the criminal suit in which relator was a witness. Relator's tort, if guilty of any, was not involved in or connected with that case. It was a separate transaction that arose five weeks before. Had relator been sued at that time, and while he was still in the state, service of process upon him would doubtless have been good. But that was not done. Relator had returned to his home in Idaho, and when sued was here solely for the purpose of being a witness in the case mentioned. The fact that the intervening time was only five weeks, cannot alter the principle that is applicable. If that were not true, what limitation of time should be fixed? It was held in the case of First National Bank v. Contracting Co., 180 App. Div. 750, 168 N. Y. Sup. 310, that where one comes into the state solely as a witness in a proceeding, he cannot be served with summons and complaint for anything he does not do while then in the state. Applying this principle, we must hold that the relator herein was immune from service of summons in the case of Earl Bemis against him. We might add that counsel for defendant claim that we should not hold relator immune from service of summons here, because our citizens would not in like cases be immune from service of process

in Idaho, citing Guynn v. McDonald, 4 Idaho 605, 43 Pac. 74, 95 Am. St. Rep. 158. The case is not in point here for the reason that in that case the person served with process was a suitor in the courts of Idaho and not a witness. Some courts do not extend the same immunity to suitors as to witnesses. Further, we do not think that the principle of immunity from service of process is based on reciprocity.

2. The most difficult point in this case to determine is as to whether or not a petition for a writ of prohibition is the proper remedy. It has been held to be so in four cases, namely State v. District Court, 51 Mont. 503, 154 Pac. 200, L. R. A. 1916E 1079; Hammons and others v. Superior Court, 63 Cal. App. 200; 219 Pac. 1037; Consolidated Adjustment Co. v. Superior Court, 189 Cal. 92, 207 Pac. 552; 26 A. L. R. 1462; People v. Flansburg, 74 Hun 130, 26 N. Y. Sup. 329. In some cases the point here involved was brought before the appellate court by writ of mandamus, as in Smith v. Iverson, 63 Utah 292; 225 Pac. 603; and Mitchell v. Huron, Circuit Judge, 53 Mich. 541, 19 N. W. 176. And it is said in 38 C. J. 546, that prohibition is the counterpart of mandamus. In the cases of Burk v. McClure, 211 Mo. App. 446, 245 S. W. 62; In re Inland Steel Co., 174 Wisc. 140, 182 N. W. 917; and LeBlanc v. Loughridge, 153 La. 109, 95 So. 419, it is held that where there is no valid service on defendant, a writ of prohibition lies to prevent the court from proceeding further in the case. Other authorities say that where such immunity of a witness exists, the court has no jurisdiction, as for instance in Bolz v. Crone, 64 Kans. 570, 67 Pac. 1108. This is probably, strictly speaking, not true, for the service of process on a privileged person is not void but voidable. He must claim the privilege and claim it promptly, in order not to be held to have waived it. 21 R. C. L. 1311. It is, perhaps, more correct to say that when the relator appeared promptly, and specially for the purpose of quashing the

summons, and when the court in the case at bar found the existence of the facts, which entitle relator to the immunity claimed, it thereupon lost jurisdiction of the case and had no right to order the relator to answer therein.

We think it clear, as heretofore stated, that the relator was entitled to the immunity claimed. We also think it clear that the district court has no longer any jurisdiction in the case. The prayer in the petition herein should accordingly be granted unless relator has another plain, speedy and adequate remedy. To compel him to defend the suit until after judgment and then appeal to this court, would mean considerable trouble and expense. It might indeed require that he bring witnesses from the state of Idaho to this state, in order to defend the action. And while the matter of expense cannot be controlling, as we said in the case of State ex rel. Poston v. District Court, 31 Wyo. 413, 227 Pac. 378, 35 A. L. R. 1082, it should, as there intimated, be taken into consideration. In State v. District Court, (Mont.) 224 Pac. 866, and Hammons v. Superior Court, supra, it was held that the remedy by appeal was not adequate. Reference was there probably made to an appeal after trial of a case, and counsel for defendants argue that such appeal might be taken directly from an order refusing to quash the service of the summons. We are cited to Tiedman v. Tiedman, 35 Nev. 529, 129 Pac. 313. The court so held in that case, and based the decision substantially on the ground that it was necessary to so hold in a case of that kind—not in cases generally— in order that appellant in that case might have a plain, speedy and adequate remedy. But in 3 C. J. 479, it is said that in the absence of a statute changing the rule, an appeal will not lie from an interlocutory order overruling a motion to quash or set aside the writ of summons in an action or the service thereof. So it appears that the point argued by counsel is doubtful and gravely so, and while such remedy would, perhaps, if it exists, be sufficiently

speedy and adequate, it is apparent that it is not plain, and we should, we think, under the circumstances, since to rule otherwise would clearly result in useless labor and expense for both parties, exercise our discretion in holding that the remedy here asked is proper.

It is accordingly ordered that the demurrer herein filed be overruled and that a permanent writ of prohibition be issued herein, unless defendants plead further within fifteen days from the date thereof. It is so ordered.

Potter, C. J., and Kimball, J., concur.